## ADOLPH MUELLER v. FRANK DEWEY.[1]

April 17, 1924.

No. 23,899.

**Defendant cut in and crowded car off the roadway.**
1. The evidence warranted a finding that in overtaking and passing plaintiff's car, defendant cut in ahead of it and crowded plaintiff off the roadway.

**Charge to jury concerning wilful negligence.**
2. The court submitted the question of wilful negligence to the jury, defining it as a reckless disregard of the safety of another by failing, after discovery of the peril, to exercise ordinary care to prevent the impending injury. The instruction was not erroneous although, properly speaking, defendant's act was wilful and wanton rather than negligent.

**Defense of contributory negligence not available, when.**
3. One guilty of wilful negligence cannot avail himself of the defense of contributory negligence.

**Negligence—contributory negligence.**
4. The evidence warranted a finding that defendant was guilty

[1]Reported in 198 N. W. 428.

of negligence in the ordinary sense of that term. It did not warrant a finding of contributory negligence.

**Presumption from driving car at unlawful speed.**
    5. The evidence warranted a finding that defendant passed plaintiff at a rate of speed greater than was reasonable and proper. The trial court did not err in instructing the jury that a rate of speed exceeding the limit fixed by statute (section 1, chapter 475, Laws 1917), raised a presumption that defendant drove his car in an unlawful manner.

**Defendant not prejudiced.**
    5. Whether the trial court's construction of the road rules prescribed by section 2634, G. S. 1913, was correct or not, defendant is in no position to complain in view of his testimony that, when he signaled that he wished to pass, plaintiff turned to the right and yielded the road to him.

Action transferred to the district court for Beltrami county to recover from defendant, also known as Frank Doyea, $50,000 for injuries received in an automobile accident. The case was tried before Stanton, J., who when plaintiff rested denied defendant's motion for a directed verdict, and a jury which returned a verdict for $12,000. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Thayer C. Bailey* and *W. E. Rowe*, for appellant.

*Graham M. Torrance, H. L. & J. W. Schmitt* and *H. W. Volk*, for respondent.

LEES, C.

Action for damages for injuries sustained by plaintiff in an automobile accident. Plaintiff had a verdict and defendant has appealed from an order denying his motion for a new trial.

The complaint alleged that on August 23, 1922, while plaintiff was traveling on a public highway near the city of Crookston, the defendant overtook him and wilfully drove his car against the plaintiff's, causing it to run off the road and into a ditch and seriously injuring the plaintiff. The answer alleged that plaintiff's in-

juries were due to his own negligence, that when defendant was passing him plaintiff continued to drive at a high rate of speed, did not yield the right of way although proper signals had been given, and crowded his car against defendant's.

The court instructed the jury that there was sufficient evidence to make the question of wilful negligence one for their consideration within the following definition:

"Wilful negligence is a reckless disregard of the safety of the person or property of another by failing, after discovery of the peril, to exercise ordinary care to prevent the impending injury."

The evidence showed that when plaintiff was overtaken he was driving at a speed of about 20 miles an hour on a graveled road 24 feet wide, with ditches on either side about 3 feet deep and 8 feet wide; that defendant sounded his horn 3 times; that plaintiff's wife called his attention to the fact that defendant wished to pass, whereupon plaintiff turned his car to the right and drove within 2 or 3 feet of the north edge of the road. On the one hand, there was evidence that, in passing plaintiff, the defendant swerved his car to the north and cut in ahead of and so close to plaintiff's car as to strike it, causing it to leave the road and plunge into the ditch, and that defendant was driving at a speed of 35 miles an hour when he passed; and, on the other hand, that plaintiff was not near the north side of the road when the accident happened; that, when defendant passed, the two cars were 3 or 4 feet apart, defendant's car being within a foot or two of the south side of the road, and that he was not driving faster than 27 miles an hour.

The accident happened a short distance east of Crookston at about 7 p. m. when the sun was shining and the road was dry. Defendant had been at Bemidji and was on his way to Crookston. He had a quart bottle of moonshine whiskey or a mixture of grape juice and moonshine, drank a portion of it prior to the accident, but denied that he was intoxicated.

Shortly after he reached Crookston defendant's car was examined. The hub cap on the right rear wheel was dented. Later, the hub cap on the left front wheel of plaintiff's car was found to be similar-

ly dented. No other marks on defendant's car indicated that it had struck anything.

A man named Rae testified that he was in the rear seat of defendant's car; that when defendant passed plaintiff he heard a brushing or scraping sound, looked back, saw plaintiff's car in the ditch and told defendant, but he did not stop, saying he always let a man go by if he wanted to pass. On being pressed to tell what else was said, Rae added that defendant exclaimed: "Damn it all, they never seem to want to give me half the road when I want to go fast."

At the place of the accident, the traveled track which plaintiff was following ran nearer the south than the north side of the road. Defendant did not have room enough to pass to the left if plaintiff's car held its position in the road.

The foregoing outline of the evidence is sufficient to show that the question of wilful negligence was in the case. The court's definition was abstractly correct. To cut in ahead of another car in passing and crowd it off the road is sheer recklessness. One guilty of such conduct is not in a position to complain if a jury finds that he was wantonly indifferent to the safety of the occupants of the car he passed. His act put them in peril of injury. Such an act is not negligent within the ordinary meaning of that term; rather, it is wanton and wilful. 8 Minn. Law Rev. 329.

The use by the courts of the expression "wilful or wanton negligence" has been criticized as a misnomer because a negligent act is usually the result of inadvertence, whereas a wilful or wanton act is one done with a consciousness of probable results but with reckless indifference to them. 2 Dunnell, Minn. Dig. § 7036. But, however inappropriate it may be, the expression has become firmly imbedded in the vocabulary of judges and lawyers as a synonym for wilful or wanton injury. It was used in that sense by the trial judge, and, reading the charge as a whole, it seems improbable that the jury could have misunderstood it.

The doctrine of wilful negligence does not admit contributory negligence as a defense. The jury were told that, if defendant was not wilfully negligent, contributory negligence would be a defense,

and negligence in its ordinary sense and contributory negligence were defined and the issue as to each submitted in a clear and concise charge.

We are of the opinion that there was no showing of contributory negligence. Defendant testified that when he was about a block and a half away he sounded his horn and slowed down, then: "I tooted again and they gave me the road then and I passed them. * * * (They were) over on the right hand side of the road." With this testimony not disputed by any of the witnesses and not inconsistent with the physical facts, contributory negligence is eliminated, and hence it is immaterial whether defendant's acts were or were not wilful and wanton, for there was ample evidence to justify a finding of negligence and only compensatory damages were awarded. Viewed from any angle, the evidence supports the verdict and it cannot be disturbed unless the court erred in instructing the jury.

That portion of section 1, chapter 475, p. 814, Laws 1917, which relates to rates of speed on country roads was read and then the jury were told that a speed in excess of 25 miles an hour raises a presumption that the driver of a car is operating it in an unlawful manner and places upon him the burden of showing that under the circumstances he was not driving at an unreasonable rate of speed. When this was said, no reference was made to the words of the statute, "for a distance of one-quarter of a mile," but the jury's attention had been called to them in the first instance and it cannot be assumed that they would forget them because the court did not repeat them whenever the statute was referred to.

The contention that there was no trustworthy evidence showing that defendant passed plaintiff at an excessive rate of speed cannot be sustained. Rae testified that defendant stopped at a farm house a mile or more east of the place of the accident and drove at a speed of 35 miles an hour after leaving the farm house. A woman living half a mile west of the place of the accident, who went to plaintiff's assistance, testified that a car going towards Crookston passed her house at a speed of 45 miles an hour a short time before plaintiff's little boy ran screaming towards her. Defendant admitted that he

passed plaintiff's car at a speed of 25 or 27 miles an hour. The jury might properly find that, when he passed plaintiff, defendant was running at a rate of speed greater than was reasonable and proper. Fairchild v. Fleming, 125 Minn. 431, 147 N. W. 434. The court's use of the word "unlawful" in this connection was not improper; a violation of any of the provisions of the statute is a misdemeanor.

The jury's attention was called to the road rules prescribed by section 2634, G. S. 1913, and they were told that, when two cars are traveling in the same direction, the one in front has the superior right and may maintain its position in the center of the road if there is sufficient space on its left to enable the overtaking car to pass safely and conveniently and, if not, then upon signal by sounding the horn, the forward car must promptly turn aside and give the other room to pass if it is practicable and safe to do so. The statute was construed in Dunkelbeck v. Meyer, 140 Minn. 283, 167 N. W. 1034, and in Reader v. Ottis, 147 Minn. 335, 180 N. W. 117, 16 A. L. R. 463. It was supplemented by section 22, chapter 119, p. 164, Laws 1917. Without stopping to consider whether the trial court's construction was correct or not, we hold that defendant cannot complain, for he admitted when testifying that after he sounded his horn plaintiff gave him the road and that he had room to pass without coming nearer than 3 or 4 feet to the plaintiff's car.

The other assignments of error are not of sufficient importance to require discussion. We find no reversible error in the record.

Order affirmed.