RICHARD BECKMAN v. N. J. WILKINS AND OTHERS.[1]

September 19, 1930.

Nos. 28,005, 28,006.

[1]Reported in 232 N. W. 38.

*F. L. & E. V. Cliff,* for appellant Hagevik.

*Cobb, Hoke, Benson, Krause & Faegre, J. G. Stirn* and *Paul J. McGough,* for appellant Ben's Home Oil Company.

*Murphy, Johanson & Nelson* and *Carl J. Eastvold,* for respondent.

WILSON, C. J.

The defendants have taken separate appeals from an order denying their separate motions for judgment non obstante or for a new trial.

Appellant Ben's Home Oil Company is in business at Ortonville. Plaintiff was its employe as attendant in a local filling station. The company employed John Hagevik, the other appellant, as a tank wagon driver who sold and delivered oil and gas in the surrounding country. He had no regular route or hours, but he went when and where he could sell, caring for his customers from day to day. He was largely the master of his own movements. Sometimes he assisted at the station. He carried on the right side of the tank wagon a hose through which he delivered oil from his tank. On September 7, 1928, while on a trip in the country he lost the hose. At about six o'clock on that day he concluded to retrace his trip in an effort to find the hose and to make further sales if possible. Plaintiff had concluded his day's work and voluntarily accompanied Hagevik. They mutually thought he would be helpful in finding the hose. They made the trip. They did not find the hose. It was found by a farmer and returned a day or so later.

Soon after starting on the trip Hagevik and plaintiff stopped along the road and drank some home-brew beer. A little later they stopped at Clinton, where Hagevik bought a half pint of moonshine alcohol. They mixed it with pop. Hagevik says they each drank half of it, while plaintiff says it was so strong he could not drink it. Farther on they stopped at Schau's farm, where Hagevik drank more beer. This was all within two or three hours. On leaving Schau's place, plaintiff got into the truck behind the wheel, but Hagevik required him to move and Hagevik drove. On the way from Schau's farm to Ortonville Hagevik showed signs of intoxication. He drove the truck around a corner so fast that plaintiff caused him to stop. Plaintiff refused to ride with Hagevik and started to walk. He walked from a block to a half a mile. Hagevik drove ahead but stopped and backed up to where plaintiff was and invited him to ride. Plaintiff exacted a promise from Hagevik that he would drive carefully and then resumed his seat in the truck. Hagevik apparently drove carefully for about three miles and until he got into the main street in Ortonville wherein he started "stepping on the gas." He drove fast for about 600 feet, perhaps 40 to 45 miles per hour. He struck a metal street surface light in the center of an intersection, causing the tank wagon to zigzag and travel on the wrong side of the street, colliding with an automobile, overturning the tank wagon and injuring plaintiff, for which plaintiff has recovered a verdict against both defendants.

■ The trip made by these two men was primarily to find the lost hose and secondarily to sell gas and oil. The claim that Hagevik stepped aside from his employer's business to indulge in personal amusement was for the jury. The evidence is sufficient to support the jury's finding that the truck at the time of the accident was being operated in the interest of the oil company and within the scope of Hagevik's employment.

■ The serious question in the case is that of contributory negligence, which appellants say exists as a matter of law. Plaintiff was about 23 years old and Hagevik about 39. Hagevik was the custodian and driver of the tank wagon. He was a competent

driver. Plaintiff knew that Hagevik had drunk intoxicating liquor. He saw no evidence of intoxication except the character of the driving. Plaintiff himself had drunk some liquor, but he was not intoxicated. Immediately after the accident several witnesses took charge of plaintiff and attended him, and they all say that he did not bear the odor of intoxicating liquor and that there was no evidence of his intoxication. Plaintiff had refused to ride. He was three miles from town. It was night. He exacted a promise from Hagevik to drive carefully. Having this assurance he resumed his seat. Hagevik drove carefully until he got near the court house in the city of Ortonville and was within about two blocks of the filling station to which they were returning when the fast driving began. What was plaintiff to do? Within 10 or 12 seconds after the fast driving began the accident occurred. There was little time for protest. Plaintiff thought the driver would slow down and turn a corner, but he went straight ahead. The keeping of the promise for three miles may have lulled him into contentment. Should he have attempted to apply the emergency brake or turn off the switch? Either might have had bad consequences. Should he have jumped out of the speeding car? Hardly. At what point in this unfortunate affair can we say that plaintiff became guilty of contributory negligence as a matter of law? Reasonable minds may readily disagree. We cannot say that a reasonable person would not have acted as plaintiff did. True, he knew that Hagevik had been drinking. Plaintiff had drunk with him but perhaps not to the same extent. Plaintiff insists that he was not intoxicated. He may have thought that Hagevik was no more intoxicated than himself. He testifies that he had no reason to think that Hagevik was not capable of driving the tank wagon and that he did not think that Hagevik was intoxicated so that he could not drive carefully. He did drive carefully for about three miles. Hagevik was arrested and pleaded guilty to driving an automobile while intoxicated. Plaintiff must be judged by his circumstances and surroundings at the time and not by subsequent events. We conclude that the question of contributory negligence was for the jury. See Rau v. Smuda, 175 Minn. 328, 221 N. W. 232.

The court refused an instruction requested by appellants which in substance was the same as a request made in Rau v. Smuda, 175 Minn. 328, 221 N. W. 232, wherein this court held that the instruction should have been given. The request had reference to a "party," and in the Rau case there had been a party wherein the persons had indulged in intoxicating liquors; but in the instant case the record would not justify referring to the conduct of these men "as after attending a pleasure party." [175 Minn. 333.] Moreover the charge as given accurately covered the question of contributory negligence so that the exclusion of the particular request was not prejudicial error.

Affirmed.

