SEVERIN GUDBRANDSEN v. HENRY PELTO.[1]

February 13, 1937.

No. 31,164.

[1]Reported in 271 N. W. 465.

*Baldwin, Holmes, Mayall & Reavill,* for appellant.
*Henry Paull,* for respondent.

HOLT, JUSTICE.

Defendant appeals from an order denying his motion in the alternative for judgment notwithstanding the verdict or a new trial.

Plaintiff recovered a verdict against defendant for injuries sustained when the truck, driven by defendant and in which plaintiff was riding, collided with an automobile, operated by one Albright, because of defendant's alleged negligence. From the evidence the jury could find: That plaintiff was an employe of the Carnegie Coal Company operating a coalyard in the western part of Duluth. Defendant was employed by the Zenith Trucking Company as a truck driver delivering coal for the Carnegie Coal Company. When directed plaintiff would go with truck drivers to help unload the coal hauled. On Saturday, December 7, 1935, at about four o'clock in the afternoon, as defendant was leaving the yard with his last load, he invited plaintiff to ride with him. Plaintiff, though through with his work at 1:30 in the afternoon, had waited at the office in the hope of receiving more work. Plaintiff accepted the offer and took his seat in the truck cab to the right of defendant. After leaving the yard with his load, defendant went to a liquor store to have his pay check cashed and incidentally bought a pint of whisky, about half of which the two men consumed before delivering two tons of the load at 312 Seventh avenue west. This was within a block of plaintiff's home, but he did not leave the truck. After unloading the two tons of coal, defendant drove to Nineteenth avenue west and Ninth street, where they were met by two helpers who were to assist in carrying the last ton of coal to be unloaded. This being completed, defendant drove west to take the two helpers home. After dropping one of the two, they stopped at a liquor store on Twenty-second avenue west, where the helper bought a pint of whisky, which was substantially drunk by the three men before

the buyer thereof reached his home. Then defendant, with plaintiff in the truck, turned east to Garfield avenue, where one of the trucks-of the Zenith company was stalled. They assisted the driver to start the truck, and then the two trucks proceeded to the company's garage at Fourth avenue west and Commerce street, where defendant was supposed to place his truck. The disabled truck was placed in the garage, and defendant, with plaintiff and the driver of the disabled truck, drove to First avenue west and Second street, where the latter bought a pint of whisky, most of which the three consumed. The driver of the disabled truck left, and defendant, desiring to pay a bill, drove with plaintiff to Ninth avenue east and Fifth street, where he stayed half an hour, then drove east on the London Road, intending to go to the eastern part of the city to pay another bill. As they passed the armory there was an automobile show, with spotlights playing in the sky. When they had passed the intersection of Fifteenth avenue some 150 feet, the truck collided with a preceding automobile driven by Albright, who turned left to enter an alley leading to his home. In the collision plaintiff was seriously injured.

The assignments of error present two propositions for decision: (a) That plaintiff's contributory negligence appears as a matter of law, and hence defendant should have judgment notwithstanding the verdict; or (b) if not entitled to judgment, the evidence does not justify the verdict, hence he should have a new trial.

As we understand defendant, no fault is found with the verdict insofar as it finds that the negligence of defendant was the proximate cause of plaintiff's injury; but the contention is that the contributory negligence of plaintiff appears as a matter of law. As we understand counsel, it is not claimed that contributory negligence is conclusively proved because plaintiff failed to see the signal of Albright, who desired to cross defendant's path to the left, he being nearly in as good position to see such signal as was defendant. But the contention is that plaintiff was with defendant from four o'clock in the afternoon until the accident happened at eight o'clock in the evening and knew of the whisky bought and

consumed and therefore must be charged with knowledge that defendant was so under the influence thereof that he could not safely drive the truck. So many matters enter into the proposition of one being under the influence of intoxicating liquor that it generally becomes a question of fact. Some men may not show the effects of many drinks of whisky, while others become plainly drunk and helpless on a few drinks. Even the same person may not be affected every time in the same degree from the same quantity consumed. The physical condition of the consumer of intoxicants often grades the effect on the body and mind. So does the fact whether the quantity consumed is taken during shorter or longer intervals; and whether or not the body is exercised or at rest. Of course if it appears conclusively that the person after drinking intoxicants staggers in his walk, his speech becomes "thick," his thoughts confused, or his behavior unusual or boisterous to such an extent that every observer would conclude that he was drunk, the issue would be for the court and not the jury. But there is in the instant case no testimony of any outward manifestation of the influence of the whisky upon either plaintiff or defendant. They both testified as to the liquor bought and by whom. Plaintiff admitted on cross-examination that he felt "good," and thought that defendant felt likewise. The fact that for several hours defendant had driven the truck through the congested downtown traffic of Duluth without mishap, prior to the collision with Albright, must be given consideration. Ordinarily, where there are no outward manifestations of drunkenness in a person's walk, talk, or conduct, the court should not, as a matter of law, from the mere quantity of strong drink consumed, conclude that he is under such influence thereof that he is an unsafe driver of a motor vehicle and that one who, with such knowledge of what he had imbibed, rides in a car operated by him, is guilty of negligence. We think upon this record that defendant was not entitled to a directed verdict nor to judgment notwithstanding the verdict on the ground of plaintiff's contributory negligence. The following authorities support this view: Rau v. Smuda, 175 Minn. 328, 221 N. W. 232; Waggoner v. Gummerum, 180 Minn. 391, 231 N. W. 10; Beckman v. Wilkins, 181 Minn. 245, 232

N. W. 38; Tomlinson v. Kiramidjian, 133 Cal. App. 418, 24 P. (2d) 559; Caldbeck v. Flint, 281 Mass. 360, 183 N. E. 739; Wolden v. Gardner, 159 Wash. 665, 294 P. 574; Suschnick v. Underwriters Cas. Co. 211 Wis. 474, 248 N. W. 477.

Defendant also contends that the verdict is not justified by the evidence and is contrary to law. This is but another way of saying that defendant was entitled to a directed verdict. The contention is based wholly upon the alleged contributory negligence of plaintiff in riding with defendant when plaintiff knew or ought to have known that defendant was so under the influence of intoxicants that he was an unsafe driver of a motor vehicle. It must be remembered that in this state the burden is upon a defendant who pleads contributory negligence as a defense to prove it. No witness testified that defendant was drunk or under the influence of intoxicating liquor. On cross-examination plaintiff admitted that defendant felt "good." Up to the collision with Albright there is not the slightest suggestion of any fact or circumstance indicating defendant to be under the influence of liquor. The mere fact that three pints of whisky were bought and the greater portion of the two pints and half of the third were drunk by five men in three or four hours does not prove that defendant, one of the five, was drunk. Defendant was engaged in doing his accustomed work in the usual manner. He helped a fellow worker to start a stalled truck. Up until the moment of collision there is not the slightest suggestion in the evidence that his operation of the truck was at all different from that of the ordinarily careful, capable, and sober truck driver. And the collision itself does not point particularly to defendant's lack of sobriety. He does not claim that the accident was in any manner caused by his being under the influence of the whisky he had taken. His explanation is that he momentarily looked to the right at the play of the colored spotlights from the armory on the sky. In the meantime Albright slowed down his automobile ahead, to turn into his alley on the left of the lane in which he and defendant were traveling. A perfectly sober driver might have been guilty of the same momentary inattention. De-

fendant cites in support of his claim that the evidence does not justify the verdict: Franco v. Vakares, 35 Ariz. 309, 277 P. 812; Kinnie v. Town of Morristown, 184 App. Div. 408, 172 N. Y. S. 21; Schwartz v. Johnson, 152 Tenn. 586, 589, 280 S. W. 32, 47 A. L. R. 323; Wayson v. Rainier Taxi Co. 136 Wash. 274, 239 P. 559, 45 A. L. R. 290. In the Arizona case plaintiff's intestate was the passenger who supplied the defendant, the driver of the car, and its other guest passengers with corn whisky from which all became so affected that they drove through the streets of the city of Tucson at high speed, shouting and singing, and finally raced on a street railway track against an approaching streetcar, having a brightly burning headlight and the motorman of which made frantic efforts to attract their attention by all the means at his command, but without success. The evidence was conclusive that the driver and his passengers were drunk. In the New York case the judgment against the town for damages for the death of plaintiff's intestate, a passenger in an automobile which overturned on a highway because of the alleged negligence of the town in its maintenance, was reversed, the reversal being on the ground that the alleged negligence was not satisfactorily proved. It was stated *arguendo* that the evidence would have warranted a finding that defendant's freedom from contributory negligence was not established and that all in the car were engaged in a drinking bout. In the Tennessee decision the court states that the driver of the car testified that he and plaintiff's intestate had each drunk about 12 glasses of corn whisky the five hours they were together before the accident, "and the testimony of others is that both boys were intoxicated to a considerable extent." There was also evidence that the car was driven at high speed along a poorly lighted street when it ran into the truck. In the case from the state of Washington the verdict was for defendants, whose driver was charged with negligent driving causing the taxicab to tip in making a sharp turn, killing one passenger and injuring plaintiff, also a passenger. The plaintiff there based his appeal solely upon errors in the charge. The court held the charge correct. It was essentially of the same tenor as the

requested instruction which this court held erroneously refused in Rau v. Smuda, 175 Minn. 328, 221 N. W. 232. We are of the opinion that the evidence sustains the verdict herein and that it is not contrary to law.

Order affirmed.

LORING, JUSTICE (dissenting).

It appears to me that the evidence is conclusive that plaintiff knew that defendant was "under the influence of intoxicating liquors" within the meaning of 1 Mason Minn. St. 1927, § 2720-2, which prohibits a person in that condition from driving a motor vehicle. That plaintiff was not himself in condition to realize the hazard of riding with defendant was due to his own voluntary acts. It is a startling proposition to suggest that mere knowledge of the quantity of whisky consumed by a driver is not enough to charge a passenger with contributory negligence in voluntarily riding with such driver. The effects of alcohol upon a driver's reactions are too well known to justify any such holding. In the case at bar it would be a very naive sober person who, having accompanied defendant while he participated in three pints of whisky, would not realize that defendant was not in condition to drive or "under the influence of intoxicating liquors." The fact that defendant had had good luck up to the time of the accident did not show that he was sober or in condition to drive. I think there should be judgment for defendant.

STONE, JUSTICE (dissenting).
I concur in the dissent of Mr. Justice Loring.

JULIUS J. OLSON, JUSTICE (dissenting).
I concur in the dissent of Mr. Justice Loring.