B. T. KEMERER v. STATE FARM MUTUAL AUTO INSURANCE COMPANY AND OTHERS.[1]

November 14, 1941.

No. 32,911.

[1]Reported in 300 N. W. 793.

*Freeman & King, Atwood & Quinlivan,* and *E. John Abdo,* for appellants.

*George Hoke* and *Phillips, Sherwood & Hughes,* for respondent.

LORING, JUSTICE.

In an action by one Carrie Kemerer against B. T. Kemerer and Martin Mock, there was judgment for plaintiff against defendants. Kemerer v. Mock, 198 Minn. 316, 269 N. W. 832. The judgment was paid by State Farm Mutual Auto Insurance Company, one of the defendants here, as insurer of Mock, and thereafter B. T. Kemerer brought suit to enjoin enforcement of the judgment against him so as to compel him to contribute one-half the amount of the judgment. A general demurrer to the complaint was sustained. See Kemerer v. State Farm Mut. Auto Ins. Co. 201 Minn. 239, 276 N. W. 228, 114 A. L. R. 173, where the lower court was reversed and the case remanded. An answer was interposed and by stipulation the right to contribution pursuant to Mason St. 1927, § 9410, was submitted to the trial court on the evidence taken in the original action of Kemerer v. Mock, 198 Minn. 316, 269 N. W. 832. The court found that defendant Martin Mock was guilty of an illegal act; that violation of the traffic law which caused the accident was intentional; and that neither Mock nor his insurer was entitled to contribution. It enjoined enforcement of the judgment against the plaintiff.

For a summary of the facts in the original case, see Kemerer v. Mock, 198 Minn. 316, 269 N. W. 832. Certainly as to the question of willful and intentional violation of the traffic law, the trial court in this suit was not bound by the judgment in the original action. See Kemerer v. State Farm Mut. Auto Ins. Co. 201 Minn. 239, 276 N. W. 228, 114 A. L. R. 173. It might reach whatever conclusion the facts justified.

It is the position of the defendants that the facts do not support a finding of more than ordinary negligence on the part of

Mock. With that contention we cannot agree. As we view the record, the court was justified in finding, as it did, that Mock, when he entered the intersection from the north and was about to turn left, saw the approaching Kemerer car and swung in front of that car in intentional violation of the traffic law, and that he did this in reckless disregard of obvious danger, without first seeing that such movement could be made in safety.

The defendants, in support of their position, attack the holding in the case of Fidelity & Cas. Co. v. Christenson, 183 Minn. 182, 236 N. W. 618, in which we denied contribution where the party seeking it had knowingly refrained from lighting the taillight on his parked truck, and a collision ensued. We think the Christenson ruling was right, and we adhere to the reasoning of that case. We think that it cannot be distinguished in principle from the case at bar. The court here found facts from which it can only be inferred that Kemerer approached the intersection with due care and was well within it when Mock swung across in front of him. Under those circumstances, it could not well be said that Mock's operation of his car was not willfully in violation of the traffic law which required him to ascertain, before making the movement, that a turn could be made in safety. Such being the case, the defendants here are not entitled to enforce contribution against this plaintiff. We need not discuss other issues raised by them.

The judgment appealed from is affirmed.