## GERALD LUNZ v. BARTON L. GORDON.[1]

May 18, 1951.

No. 35,463.

*C. L. Erickson, Charles R. Zierke,* and *Julius E. Haycraft,* for appellant.

*L. A. Kunz* and *H. H. Flor,* for respondent.

CHRISTIANSON, JUSTICE.

This action arises out of a head-on collision between an automobile driven by the minor defendant and one operated by plaintiff

---

[1]Reported in 48 N. W. (2d) 40.

on trunk highway No. 15 at a point a short distance south of a bridge across the Watonwan River near the village of Madelia. The collision occurred about 10:30 p. m. October 22, 1948. Plaintiff was driving an automobile in a general southerly direction, and the minor defendant was driving in a general northerly direction. Both drivers had their headlights on. Trunk highway No. 15 is a concrete highway and at the point in question runs generally north and south. Approaching Madelia and the bridge from the south, the highway traverses a hill downward to the bridge. On this hill there is a curve to the left or west, so that the highway runs in a northwesterly direction down the hill and across the bridge. After the bridge is crossed, the road curves to the right or east and runs in a northeasterly direction.

The automobile which the minor defendant was operating at the time of the accident was a stolen car. Two state highway patrolmen who were on watch for the automobile first observed defendant when he stopped for a stop sign at the intersection of highway No. 15 and highway No. 60 located ten miles east of St. James and five miles south of Madelia, Minnesota. As defendant proceeded north on highway No. 15 toward Madelia at about 40 miles per hour, the highway patrolmen followed him, turned on their stop light, pulled up alongside of defendant, and attempted to get him to stop. Instead of stopping, however, defendant swung the automobile to the left and speeded up to about 60 or 65 miles per hour. The patrolmen continued to follow him and pulled up alongside of defendant at least ten times. They went so far as to tap with a gun on the window of the fleeing automobile and fired a shot over the car in an effort to persuade him to stop. However, as one of the patrolmen testified, he just "sucked in his neck and slid down a little bit and took off again." Then he speeded up to about 80 miles per hour. While going at about that speed, defendant came to the curve which swings "slightly" to the left at the crest of the hill where highway No. 15 then runs in a northwesterly direction to the south end of the Madelia bridge. He went off the pavement onto the right shoulder until he was about two-thirds of the way down

the hill, then swung over onto the wrong side of the pavement, straightened out, and collided head on with plaintiff's automobile, which was approaching on its proper side of the highway. At the time of the impact, defendant was traveling about 85 miles per hour. The point of impact was about 100 yards from where defendant went off the highway onto the shoulder.

The patrolmen were driving "right behind" defendant, but "dropped back" as he approached and was negotiating the curve in the highway. They observed plaintiff's automobile approaching from the opposite direction on its proper side of the center line. It did not appear to them to be traveling at a very high rate of speed. Plaintiff swung his car to the right and was partially on the shoulder when the impact occurred. The pavement was 18 feet wide, and there was no other traffic on the highway. The patrolmen were able to stop their automobile before reaching the point of impact.

The trial court directed a verdict in plaintiff's favor on the issue of defendant's negligence, and the jury by its verdict assessed plaintiff's damages in the sum of $47,500. The court submitted to the jury a special interrogatory reading as follows:

"Did the defendant upon the occasion of the accident here in question operate the car which he was driving in such a manner as to constitute wilful and wanton negligence?"

The following definition of wilful and wanton negligence was given to the jury:

"* * * Wilful or wanton negligence does not necessarily include an element of malice or actual intent to injure another, but it is a reckless disregard of the safety of person or property of another by failing, after discovering the peril, to exercise ordinary care to prevent the impending injury."

The jury answered the interrogatory in the affirmative, and defendant moved for a new trial on the issue of wilful and wanton negligence. The court denied this motion, and defendant has appealed.

On appeal, defendant does not question the trial court's definition, but contends that the record is devoid of any evidence of wilful

and wanton negligence on his part, and that the court erred in submitting the special interrogatory to the jury. Although defendant concedes that the evidence would support a finding of gross negligence, he maintains that there is no evidence of "discovery [by defendant] of Respondent [plaintiff] in peril or discovery of him at all."

Only four persons witnessed the accident, plaintiff and defendant and the two highway patrolmen. All four testified at the trial. Neither plaintiff nor defendant remembers anything about the accident, and each so testified. No useful purpose would be served by repeating the facts heretofore related. That plaintiff, through no fault of his own, was placed in a position of danger and peril immediately before the collision occurred conclusively appears from the evidence. It is difficult for us to conceive a more reckless disregard of the safety of other users of the highway than that disclosed by the present record. From the highway patrolmen's testimony, the jury had the right to infer that defendant saw the headlights of plaintiff's car in sufficient time to avoid running into plaintiff had defendant thereafter exercised ordinary care in the management and operation of the automobile he was driving. The submission to the jury of the issue of wilful and wanton negligence and the jury's affirmative answer thereto were amply justified by the evidence. Cf. Johnson v. Scott, 119 Minn. 470, 138 N. W. 694; Havel v. M. & St. L. R. Co. 120 Minn. 195, 139 N. W. 137; Hedlund v. Minneapolis St. Ry. Co. 120 Minn. 319, 139 N. W. 603; Mueller v. Dewey, 159 Minn. 173, 198 N. W. 428; Kemerer v. State Farm Mut. Auto Ins. Co. 211 Minn. 249, 300 N. W. 793.

The order appealed from should be affirmed.

Affirmed.