## FARMERS INSURANCE EXCHANGE v. VILLAGE OF HEWITT AND ANOTHER.

143 N. W. (2d) 230.

June 3, 1966—No. 39,773.

*Montague, Applequist, Lyons, Nolan, Donovan & Knetsch* and *Robert P. Nolan,* for appellant.

*Reavill, Neimeyer, Johnson & Killen* and *R. B. Reavill,* for respondent village of Hewitt.

*Meagher, Geer, Markham & Anderson, Roderick D. Blanchard,* and *O. C. Adamson II,* for respondent village of Long Prairie.

KNUTSON, CHIEF JUSTICE.

This is an appeal from a summary judgment entered in favor of respondents.

There is no dispute in the facts and for the purposes of this opinion only the following must be assumed to be true:

Robert C. Wallace was insured by appellant insurance company under an automobile liability policy. He was involved in an automobile accident on July 9, 1960, in which Verna M. Koester and Harry Koester were injured. Prior to the accident Robert C. Wallace had been drinking at bars owned by respondent villages and was sold liquor when he was obviously intoxicated, in violation of Minn. St. 340.95. The accident occurred through his negligence, which was precipitated by the intoxication, and the intoxication was caused by the illegal sales.

The Koesters brought an action against Wallace and respondent villages. It was ordered that the suit be separated between the motorist and respondents, and the trial against Wallace was scheduled to be held first. The Koesters originally claimed damages in the sum of $91,600. Shortly before the trial appellant settled the claim against Wallace with the Koesters for $19,000. Respondent village of Hewitt settled the claim against it for $8,000, and respondent village of Long Prairie settled the claim against it for $2,000. Thereafter this suit was brought by appellant to collect aliquot amounts from respondents so that the payments by all would be equalized, it being appellant's contention that it was entitled to contribution for the reason that all parties were liable to the Koesters for the damages inflicted upon them. Respondents moved for summary judgment on the basis that the complaint failed to state a claim upon which relief could be granted, and these motions were granted by the trial court.

Respondents rely for the most part on two propositions: (1) That plaintiff's right to recover is barred by Empire Fire & Marine Ins. Co. v. Williams, 265 Minn. 333, 121 N. W. (2d) 580, wherein we held that the insurer of a person who is illegally served intoxicating liquor has no right of recovery under Minn. St. 340.95 for damages it paid for injuries caused by the party consuming such liquor; and (2) that appellant is barred from recovery under the doctrine that one who is guilty of intentional tort cannot recover contribution from a joint tortfeasor or one under common liability to an injured party, depending largely upon Fidelity & Cas. Co. v. Christenson, 183 Minn. 182, 236 N. W. 618, 16 Minn. L. Rev. 118, and Kemerer v. State Farm Mutual Auto Ins. Co. 211 Minn. 249, 300 N. W. 793.

■ At the outset it is clear that whatever rights appellant has it has as a subrogee of Wallace, and that if Wallace has no right of contribution, neither does appellant. Empire Fire & Marine Ins. Co. v. Williams, 265 Minn. 333, 121 N. W. (2d) 580.

■ With respect to the first proposition, we did hold in the Empire Fire & Marine case that the insurer of an intoxicated driver of an automobile could not recover under Minn. St. 340.95 what it had paid out in damages and costs due to the negligent driving of the automobile by its insured for the reason that it was not one of the class of persons who had a cause of action under the statute. In that decision we relied on Randall v. Village of Excelsior, 258 Minn. 81, 103 N. W. (2d) 131, where we held that an intoxicated automobile driver could not recover against the seller of liquor to minors for injuries to himself for the reason that (258 Minn. 83, 103 N. W. [2d] 133) "[t]he Civil Damage Act does not create a cause of action in favor of one injured by his own intoxication. Only an innocent third person who is injured as a result of the intoxication of another is entitled to its benefits. Since neither the common law nor the Civil Damage Act gives plaintiff a right to recover for injury sustained as a result of his voluntary intoxication," there could be no recovery. In Randall we relied upon Sworski v. Colman, 204 Minn. 474, 283 N. W. 778, and Cavin v. Smith, 228 Minn. 322, 37 N. W. (2d) 368. Following these cases, it was held in Empire Fire & Marine that inasmuch as the intoxicated driver had no right to recover against the illegal seller of liquor the insurer had no greater right. However, none of these cases dealt with the question of the right of an intoxicated driver or his insurer who had paid damages to a third person injured by the intoxicated driver to recover contribution from the vendor who illegally furnished liquor. That is the question presented here.

■ Contribution rests on common liability, not on joint negligence or joint tort. Common liability exists when two or more actors are liable to an injured party for the same damages, even though their liability may rest on different grounds. Thus it has been held that liability based on F. E. L. A. and liability based on our Wrongful Death Act, even though created by different statutes, may give rise to common liability where a third party is injured by the concurrent violation of both statutes. Zontelli

Brothers v. N. P. Ry. Co. (8 Cir.) 263 F. (2d) 194, 199. The court there said:

"* * * The thing that gives rise to liability * * * is that both parties were subject originally to a *common liability,* and one has taken more than his just share of the money burden. * * *

* * * * *

"* * * There being common liability, the widow, through proper statutory representatives, had a cause of action against both of the contesting parties herein, and her failure to assert formal claim against one did not destroy the right of the other who made full payment to recover by way of contribution."

Again, in Chicago, R. I. & P. R. Co. v. Chicago & N. W. Ry. Co. 280 F. (2d) 110, 114, the Federal court of the Eighth Circuit had occasion to consider the right to contribution between the two railroads, each of which had violated a different statutory provision for the protection of workmen. The court there said:

"* * * Both actions [for indemnity and contribution] are premised on a finding that two or more parties have been guilty of actionable wrong thereby bringing injury or damage to some third person. * * *

* * * * *

"* * * The essence of the action for contribution is *common liability* to the injured person, not liability for *common negligence,* or *similar* negligence, or *like* negligence. Simply stated, common liability means that each party, by reason of his wrongful act, is made legally liable to respond in damages to the injured party. Absent such liability on the part of the person from whom indemnity or contribution is sought, how can it be said, in evoking the equitable remedy, that the one seeking relief has borne an unfair share of the loss for which all are liable?"

In the case of Duluth, M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 236 N. W. 766, contribution was sought in a case where an automobile collided with plaintiff's freight train. Plaintiff settled the case by paying the injured party an amount in full discharge of his right of action, and then sought contribution from the driver of the automobile. In affirming

a judgment granting plaintiff a right to recover half of what it had paid, we said (183 Minn. 418, 236 N. W. 768):

"The thing that gives rise to the liability in either case [indemnity or contribution] is that both parties were subject originally to a common liability, and one has taken more than his just share of the burden."

In Employers Mutual Cas. Co. v. Chicago, St. P. M. & O. Ry. Co. 235 Minn. 304, 309, 50 N. W. (2d) 689, 693, again involving a collision between an automobile and a railway car, where the insurer of the driver of the automobile paid damages and sought contribution, we said:

"* * * 'Common liability' exists immediately after the acts of the tortfeasors which give rise to a cause of action against them. [Citation omitted.] But, in addition to the requirement of common liability, *the right to contribution rests on a payment by one which thereby relieves the other from liability*. Where others jointly liable pay the obligation and thereby relieve the person not paying from a positive liability, the latter is bound to contribute his share of the total obligation." (Italics supplied.)

■  Here it would seem that there is no question that the driver of the automobile and the vendor making the illegal sale of intoxicating liquor are jointly liable to the injured parties. It is true that liability rests on different legal grounds. One rests on common-law negligence and the other on the Civil Damage Act. But the liability of both is common to the injured party. Action for recovery against one does not bar action against the other, but there can be no double recovery and payment by one relieves the other pro tanto of liability up to the amount paid. We have held in several cases that plaintiff is entitled to only one full recovery, and if one of the tortfeasors is sued first, whatever is recovered in that action must be offset against any recovery against the other tortfeasor in a subsequent action. If it is true that one full recovery sets the limit against both tortfeasors, the question naturally arises—why should they not each be liable for their fair share inter se, whether they are sued in the same action or separately, when the action is finally determined or settled so there can be no further action against any of the parties?

It is true that in Ritter v. Village of Appleton, 254 Minn. 30, 38, 93 N. W. (2d) 683, 688, we held that our Wrongful Death Act and Civil Damage Act are "wholly unrelated as to scope and purpose." We have held the same in Hartwig v. Loyal Order of Moose, 253 Minn. 347, 91 N. W. (2d) 794, 75 A. L. R. (2d) 459. But significantly we have not held that the liability created under these statutes is not a common liability. In fact, our decisions indicate exactly the opposite. In Ritter v. Village of Appleton, *supra,* we said that the defendant village, which had illegally sold intoxicating liquor, was not a joint tortfeasor with the driver of the automobile who consumed the liquor; but we held that recovery against the driver did not prevent the injured party from suing the village and showing that full recovery had not been had. The only requirement was that the recovery against the driver would have to be offset against subsequent recovery against the village. Adamson v. Dougherty, 248 Minn. 535, 81 N. W. (2d) 110, 42 Minn. L. Rev. 145.

In the case of Koenigs v. Travis, 246 Minn. 466, 472, 75 N. W. (2d) 478, 483, we again indicate that it is not essential that common liability arise out of the same tortious conduct. We there said:

"* * * [C]ommon liability is the very essence of an action for 'contribution'; * * * a right of contribution does not accrue between tortfeasors unless they were cotortfeasors or joint wrongdoers in the sense that their tort or torts imposed a common liability upon them to the party injured; * * *."

From these holdings it would seem clear that the injured party has a right of action against either or both the driver of the automobile and the vendor of the liquor, limited only by the proscription against double recovery; and, if that is true, it is difficult to see why both tortfeasors are not under a common liability to the injured party.

The converse is also true, that if there is no common liability there can be no contribution. In the case of American Auto. Ins. Co. v. Molling, 239 Minn. 74, 79, 57 N. W. (2d) 847, 851, a collision occurred between two automobiles, one driven by plaintiff's insured and the other driven by the husband of the injured person. Plaintiff brought an action against the husband for contribution. We held that inasmuch as the wife could

not sue the husband there could be no common liability and therefore there could be no contribution. We said:

"* * * If, as a matter of law, the concurring negligence of the party from whom contribution is sought gives the injured party no cause of action against him, the claimant cannot recover contribution, even though such concurring negligence was a proximate cause of the injury."

In that case most of our decisions dealing with contribution are collected.

With respect to the requirements of joint liability, we said in the Molling case (239 Minn. 86, 57 N. W. [2d] 854):

"Nor could this court change the fundamental requirements of the action of contribution to allow recovery on the basis of the joint tortious conduct rather than on the basis of 'common liability,' even if it were convinced of the merits of such a change."

It must follow that the answer to the first proposition is that, the parties having a common liability to the injured persons, it is no bar to contribution that their liability rests on different grounds.

■ The second proposition upon which respondents rely poses the question of whether one who operates a motor vehicle while under the influence of intoxicating liquor is guilty of such intentional wrong that contribution against another jointly liable to an injured party is not available to him.

Solution of this problem requires a reexamination of our cases bearing on the question. The latest word on the subject is found in Hardware Mutual Cas. Co. v. Danberry, 234 Minn. 391, 48 N. W. (2d) 567. That case involved a collision between an automobile and a truck in an intersection. An action was brought by a passenger in the car against the driver and owner of the truck, and the driver of the car in which she was riding was joined as third-party defendant. During the course of the trial plaintiff in that action settled her claim with the owner of the truck and his insurer brought the action for contribution from the driver of the car. That driver had had the right-of-way in the intersection and it was argued that the trial court erred in refusing to instruct the jury that if the driver of the truck was guilty of an intentional wrongful act, or he knowingly committed an illegal act, plaintiff could not recover contribution. We re-

viewed many of our cases and concluded that plaintiff was not barred from seeking contribution, for it is "failure, *after, and not before,* discovering the peril, to exercise ordinary or reasonable care to avoid the impending injury" (italics supplied) (234 Minn. 398, 48 N. W. [2d] 571) that constitutes willful negligence so as to bar the right of contribution.

The cases mainly relied upon by respondents are Fidelity & Cas. Co. v. Christenson, 183 Minn. 182, 236 N. W. 618, and Kemerer v. State Farm Mutual Auto Ins. Co. 211 Minn. 249, 300 N. W. 793. The Kemerer case has an interesting history and must be viewed in the light of all that transpired prior to its final disposition. It reached this court on three occasions. The first case involved a collision which occurred when an automobile traveling in a southerly direction made a left turn in front of an automobile traveling in a northerly direction. In the original trial the jury returned a verdict for a passenger in the car traveling south against both drivers, who then appealed to this court. For the purposes of this case we affirmed,[1] saying (Kemerer v. Mock, 198 Minn. 316, 319, 269 N. W. 832, 833):

"* * * There is evidence from which the conclusion could be drawn that both violated § 2720-4(a) of the code reading:

" 'Any person driving a vehicle on the highway shall drive same at a speed not greater than is reasonable and proper, having due regard to the traffic, the surface and width of the highway, and of any other conditions then existing.'

"There are other provisions of the statutes given to the jury touching the driving of a motor vehicle on the highways which the jury could find had been transgressed by either or both defendants; * * *."

After the verdict had been paid by the insurer of one of the defendants, Mock, the insurer sought contribution under the statute, Mason St. 1927, § 9410 (now Minn. St. 548.19), from the other defendant, Kemerer. The latter demurred to the complaint and sought an injunction to prevent Mock's insurer from collecting contribution under the statute on the

---

[1] We reversed and granted a new trial unless plaintiff would agree to remittitur of part of the verdict.

ground that Mock had been guilty of intentional violation of the traffic statute and therefore could not recover contribution. The trial court sustained the demurrer and denied the motion for temporary injunction. We reversed both orders in Kemerer v. State Farm Mutual Auto Ins. Co. 201 Minn. 239, 242, 276 N. W. 228, 230, 114 A. L. R. 173, 176, saying:

"* * * Since Ankeny v. Moffett, 37 Minn. 109, 110, 33 N. W. 320, that rule [prohibiting contribution between joint tortfeasors] has applied 'only where the person seeking the contribution was guilty of an intentional wrong, or, at least, where he must be presumed to have known that he was doing an illegal act.'"

By reversing the order sustaining the demurrer we in effect held that a mere violation of the statute was not sufficient to deny recovery. The case then went back for trial on the issue of the right to contribution and the court found that defendant Mock was guilty of an illegal act; that violation of the traffic law which caused the accident was intentional; and that neither Mock nor his insurer was entitled to contribution. It enjoined enforcement of the judgment against Kemerer and we affirmed on appeal. Kemerer v. State Farm Mutual Auto Ins. Co. 211 Minn. 249, 300 N. W. 793. The significant part of the decision is the following statement (211 Minn. 250, 300 N. W. 794):

"It is the position of the defendants that the facts do not support a finding of more than ordinary negligence on the part of Mock. With that contention we cannot agree. As we view the record, the court was justified in finding, as it did, that Mock, when he entered the intersection from the north and was about to turn left, saw the approaching Kemerer car and swung in front of that car in intentional violation of the traffic law, and that he did this in reckless disregard of obvious danger, without first seeing that such movement could be made in safety."

Thus, our final disposition of Kemerer, when considered in all of its aspects, is in harmony with the rule we stated in Hardware Mutual Cas. Co. v. Danberry, *supra.* In other words, the mere violation of the statute, which might constitute negligence, did not bar contribution; but the intentional act of turning in front of the other car, *after peril was obvious,* is what led to the deprivation of the right of contribution.

It is true that in the last Kemerer case we stated that we adhere to Christenson, but an examination of our decisions shows that Christenson stands alone in holding that a mere violation of a statute or ordinance is sufficient to deny contribution. We think that case goes too far and that it is necessary to show that some act of joint wrongdoers occurred after the danger became evident which is causally related to the damage done. Both Kemerer and Christenson have been criticized as going too far. See, Prosser, Torts (3 ed.) p. 276; Note, 37 Minn. L. Rev. 470, 474; Note, 16 Minn. L. Rev. 73, 79.

The difficulty in reconciling Christenson with Danberry lies in the adoption of dicta in Ankeny v. Moffett, 37 Minn. 109, 110, 33 N. W. 320. In an action involving joint negligence in the construction of a building the walls of which fell and injured one Walters, he recovered a judgment against the owners. In a subsequent action arising out of the efforts of one owner to obtain contribution from the other, we said:

"The whole case turns upon the construction of the statute relating to contribution and subrogation between joint judgment debtors, (Gen. St. 1878, c. 66, § 330.) That in this case Moffett is entitled to contribution from Johnson cannot be doubted. Whether the statute cited was intended to change the rule that there can be no contribution among wrong-doers it is unnecessary to consider. That rule is applicable only where the person seeking the contribution was guilty of an intentional wrong, or, at least, where he must be presumed to have known that he was doing an illegal act. It is immaterial whether the ground of Walter's recovery was the negligence of Moffett and Johnson personally, or that of their agent, the builder. In neither one was there any intentional wrong. In the one case it would be mere negligence in doing a lawful act; in the other case there would be no personal fault whatever on their part. In neither case would the rule apply."

Applied to the facts of that case the statement is harmless, but applied out of context to every violation of a statute it is too broad. In Ankeny we relied in part on Cooley, Torts. In the fourth edition of this text we find the following:

"* * * [W]hen the parties are not intentional and wilful wrongdoers,

but are made wrongdoers by legal inference or intendment, contribution may be enforced. * * * '* * * It is only when a person knows, or must be presumed to know, that his act was unlawful, that the law will refuse to aid him in seeking an indemnity or contribution. It is the unlawful intention to violate another's rights, or a wilful ignorance and disregard of those rights, which deprives a party of his legal remedy in such cases. It has therefore been held that the rule of law, that wrongdoers cannot have redress or contribution against each other, is confined to those cases where the person claiming redress or contribution knew, or must be presumed to have known, that the act, for which he has been mulcted in damages, was unlawful.'" 1 Cooley, Torts (4 ed.) § 89, p. 298.

Some help may be obtained by comparison of cases involving willful conduct which bars contributory negligence as a defense with those in which it is claimed that intentional or willful conduct bars or should bar contribution between those jointly liable to an injured party. While some attempts have been made to distinguish the terms "intentional" and "willful," [2] it is generally held that the two terms are used synonymously.[3] Thus, in Danberry we used the terms interchangeably, and that is also found to be true in other discussions of the problem. See, for instance, 18 Am. Jur. (2d) Contribution, § 37.

Where the driver of an automobile is guilty of willful misconduct, the defense of contributory negligence is barred. Mueller v. Dewey, 159 Minn. 173, 198 N. W. 428. But we have held in a number of cases that driving while under the influence of intoxicating liquor is not such willful misconduct as to bar contributory negligence as a defense. Beckman v. Wilkins, 181 Minn. 245, 232 N. W. 38; Gudbrandsen v. Pelto, 199 Minn. 220, 271 N. W. 465. In Flaherty v. G. N. Ry. Co. 218 Minn. 488, 16 N. W. (2d) 553, we said that inasmuch as a violation of our traffic regulations is declared by statute to be prima facie evidence

---

[2] See, for example, Lowen v. Finnila (Cal. App.) 93 P. (2d) 257; Johnson v. State, 61 Ala. 9.

[3] See, for example, Bindbeutal v. Street Ry. Co. 43 Mo. App. 463; Lynch v. Commonwealth, 131 Va. 762, 109 S. E. 427. 3 Bouvier's Law Dictionary, p. 3454, defines willfully as "intentionally," and Black, Law Dictionary (4 ed.) p. 948, defines intentional as "willful."

of negligence only, it is not such an intentional act as to bar contributory negligence as a defense. The cases showing what type of violation of statute will bar a defense of contributory negligence and the converse are exhaustively reviewed in Dart v. Pure Oil Co. 223 Minn. 526, 27 N. W. (2d) 555, 171 A. L. R. 885, 32 Minn. L. Rev. 105, and we need not repeat what we said there. The cases are collected in 13B Dunnell, Dig. (3 ed.) § 7036(1), wherein willful negligence is defined as follows:

"* * * Willful or wanton negligence, in this connection [so as to make contributory negligence unavailable as a defense], means 'a reckless disregard of the safety of the person or property of another, by failing, after discovering the peril, to exercise ordinary care to prevent the impending injury.' "

It will be noted that that definition, formulated from a large number of cases found in Id. note 62, is almost identical with the definition of intentional tort that we used in Danberry. In § 7036(3) we find the following:

"The rule that the defense of contributory negligence is not open to one guilty of an intentional violation of statute proximately causing injury to another does not apply to violations of the Highway Traffic Regulations Act, which expressly provides that a violation thereof shall constitute only prima facie evidence of negligence."

It is noteworthy that in that quotation the author uses the word "intentional" rather than "willful," and here again the words seem to have been used synonymously.

It therefore seems clear from an examination of our cases that merely driving an automobile while under the influence of intoxicating liquor, with nothing more, is not the type of intentional act that will bar contributory negligence as a defense. The rationale of the rules barring contributory negligence and barring right of contribution against a wrongdoer is the same. Both are based on the unwillingness of the courts to aid one who is guilty of an intentional wrong and it must follow that if we are to follow the rule of Danberry something more must be shown than the mere driving of an automobile while under the influence of intoxicating liquor.

We say nothing about the merits of the case. As in Kemerer, it may be that upon a trial of the issue involving the right to contribution it can be shown that the driver of the automobile, after discovering the peril, intentionally did something to bring about the damages.[4] If that can be shown, then the rule in Kemerer would govern, but on the record before us, where nothing more appears than that an automobile was operated by a person under the influence of intoxicating liquor (which we must assume to be a fact for the purpose of this decision), the complaint states a cause of action and summary judgment should not have been granted.

Reversed.

---

[4] See, Coble v. Lacey, 257 Minn. 352, 101 N. W. (2d) 594.