### GEORGE N. JEROLAMAN v. ALBERT I. GILLIAM.[1]

December 30, 1927.

No. 26,328.

**Finding sustained in action in ejectment.**
    1. The evidence sustains a finding that the defendant was in possession of a tract of land owned by the plaintiff.

**Judgment as to defendant's title to lot 11 not res judicata as to his title to lot 12.**
    2. A former judgment between the parties, recited in the opinion, is not res adjudicata on possession.

Judgments, 34 C. J. p. 906 n. 98.

---

See note in 58 L. R. A. 295; 19 L.R.A.(N.S.) 618; L. R. A. 1915E, 800.
See note in 27 A. L. R. 805; 23 R. C. L. 405; 3 R. C. L. Supp. 1327;
    5 R. C. L. Supp. 1243; 6 R. C. L. Supp. 1374.

Defendant appealed from a judgment of the district court for Hennepin county, Baldwin, J. Affirmed.

*Lewis Severance,* for appellant.

*Shearer, Byard & Trogner,* for respondent.

DIBELL, J.

Action in ejectment tried to the court. There was judgment for the plaintiff, from which the defendant appeals.

[1]Reported in 217 N. W. 337.

1. The defendant was the owner of a certain lot 11 in Minneapolis. The plaintiff was the owner of an adjoining portion of lot 12. There is no question of their ownership.

The court found that the defendant was in possession of the portion of lot 12 owned by the plaintiff. Though the defendant urgently insists that this finding is not sustained by the evidence, we are unable to take his view. The evidence is confusing and a little indefinite but from it the court could find as it did.

2. A few years before the present action the defendant brought an action against the plaintiff to quiet title to lot 11. The plaintiff in this action, defendant there, disclaimed any interest. The complaint was the ordinary one to determine adverse claims, alleging the plaintiff Gilliam to be in possession. The court found Gilliam to be the owner and further, which was not pleaded, that Jerolaman made claim to the property under a different description, and had ordered plaintiff to remove therefrom and deliver possession, but that since the action was commenced he had disclaimed any right in lot 11. Judgment was entered to the effect that the plaintiff there, Gilliam, owned lot 11. It is Gilliam's contention that this judgment is res judicata upon the question of plaintiff's title or right to possession of lot 12. It does not have that effect. The controversy was as to lot 11. The parties have no controversy over ownership. The plaintiff owns the portion of lot 12 adjoining lot 11, and the defendant owns lot 11. Each is entitled to the possession of his own.

The defendant makes a number of other contentions with evident sincerity, and we have gone over them carefully. There is nothing calling for a discussion of them.

Judgment affirmed.