# MILBANK MUTUAL INSURANCE COMPANY
## v. VILLAGE OF ROSE CREEK.

225 N. W. 2d 6.

December 13, 1974—No. 44913.

*William J. Nierengarten,* for appellant.

*Arthur, Chapman & McDonough* and *Lindsay G. Arthur, Jr.,* for respondent.

Heard before Rogosheske, Peterson, MacLaughlin, Scott, and Knutson, JJ., and considered and decided by the court en banc.

ROGOSHESKE, JUSTICE.

Plaintiff, Milbank Mutual Insurance Company, by this action seeks contribution from defendant, the village of Rose Creek, the operator of a municipal liquor store, for one-half of $17,000 paid on behalf of plaintiff's insured, David Schmit, in settlement of a claim against him arising out of an automobile accident which resulted in the death of a passenger in the automobile operated by Schmit. The contribution sought is based upon the parties' stipulation that the passenger's death was concurrently caused by the negligence of Schmit and the illegal sale of intoxicating liquor to him by defendant's liquor store. The trial court, sitting without a jury, determined that Milbank is entitled to contribution and ordered recovery of $917.75, or one-half of the ambulance and funeral bills, on the basis that such apportionment was the equitable extent to which Milbank's settlement relieved defendant from liability for property damage to decedent's heirs under Minn. St. 340.95, our Civil Damage Act.[1] We affirm.

The facts are stipulated. On July 24, 1971, near the village of Rose Creek, a motor vehicle owned and operated by David L. Schmit collided with another motor vehicle. Mark Ludwig, a

---

[1] Minn. St. 340.95 provides: "Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, by an intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person, for all damages, sustained; and all damages recovered by a minor under this section shall be paid either to such minor or to his parent, guardian, or next friend, as the court directs; and all suits for damages under this section shall be by civil action in any court of this state having jurisdiction thereof."

passenger in the Schmit car, was killed as a result of the collision. Immediately prior to the accident, Schmit was illegally sold and furnished intoxicating liquor by defendant's liquor store when he was in fact intoxicated. Both the negligence of Schmit and defendant's illegal sale resulting in Schmit's intoxication contributed to cause the collision and resulting death. On the date of his death, Mark Ludwig was 21 years old, unmarried, and without legal dependents. His heirs did not suffer any loss of "means of support," nor did decedent sustain any bodily injury within the contemplation of the Civil Damage Act. The only property damage was the funeral expense of $1,783 and an ambulance bill of $52.50.

At the time of the accident a liability insurance policy issued by plaintiff Milbank covered the Schmit vehicle. Following an exchange of letters between Milbank and defendant's insurer, in which Milbank demanded contribution and defendant's insurer refused, Milbank settled the Ludwig death claim asserted by his next of kin against its insured for $17,000. Upon defendant's continued refusal to contribute one-half of the settlement, this action was instituted.

As defendant must, and does, acknowledge, it was settled by Farmers Ins. Exchange v. Village of Hewitt, 274 Minn. 246, 143 N. W. 2d 230 (1966), that an automobile liability insurer of an intoxicated driver who has paid bodily injury damages to a third person injured by the negligence of the intoxicated driver has a right to recover contribution from a liquor vendor who, by illegally furnishing liquor, caused the intoxication of the driver. A summary of the rationale of the rule, comprehensively discussed in the village of Hewitt case, is that the driver and the vendor are subject to common liability to the injured third party. Although liability rests on different grounds, the liability of the driver on negligence and that of the vendor on the Civil Damage Act, the liability of both is common to the injured party, not in the sense of common negligence or similar negligence or statutory strict liability but rather in the sense that each is legally

liable for a part or all of the same damages. One full recovery by the injured party sets the limit against both, and payment by one relieves the other of his potential liability. See, also, Koenigs v. Travis, 246 Minn. 466, 75 N. W. 2d 478 (1956); American Auto. Ins. Co. v. Molling, 239 Minn. 74, 57 N. W. 2d 847 (1953); Zontelli Brothers v. N. P. Ry. Co. 263 F. 2d 194 (8 Cir. 1959). While we have not previously allowed a right of contribution where damages for death by wrongful act result, we conceive of no reason why the same rationale is not equally applicable. Indeed, defendant concedes its contribution liability for 50 percent of that part of the settlement representing property damage. Plaintiff, however, insists that it is entitled to 50 percent of the total settlement, arguing that the nature of the action for contribution justifies a holding that plaintiff is an "other person" who is injured "in * * * property" within the contemplation of the Civil Damage Act.

We cannot agree. While the right to contribution arises as of the time of the tortious conduct, and it is common liability, not common tortious conduct, which gives rise to the cause of action, it is not an independent action in the sense that it is in law "dependent upon the separate liability of [the tortfeasors] to the injured party." American Auto. Ins. Co. v. Molling, 239 Minn. 74, 85, 57 N. W. 2d 847, 854. Thus the right to seek contribution is not equivalent to the right to recover contribution in every case. See, Employers Mutual Cas. Co. v. Chicago, St. P. M. & O. Ry. Co. 235 Minn. 304, 50 N. W. 2d 689 (1951). The right to recover matures only where one tortfeasor has paid more than its share of the loss measured by the equitable principle of the extent to which the settling tortfeasor has relieved the other tortfeasor of its potential liability. Here, defendant's liability under § 340.95, if sued independently by decedent's parents, is clearly limited under the stipulation to recovery of the burial and ambulance expense. The only theory under which plaintiff could recover a greater amount would be if it were held to be an "other person" within the scope of our Civil Damage Act.

286

That theory, however, has been rejected by this court in Empire Fire & Marine Ins. Co. v. Williams, 265 Minn. 333, 121 N. W. 2d 580 (1963), where we emphasized that one cannot acquire by subrogation what another whose rights he claims did not have. See, United States v. Munsey Trust Co. 332 U. S. 234, 67 S. Ct. 1599, 91 L. ed. 2022 (1947). In the Empire Fire & Marine case, we reasoned that since the intoxicated driver has no rights against the liquor vendor under § 340.95, neither has his insurer any rights, as the insurer is involved only by virtue of his position as subrogee of the intoxicated driver. We concluded that the insurer of a voluntarily intoxicated driver was not intended by the legislature to be included within the statutory classification "other person." Our holding in that case was reaffirmed in Farmers Ins. Exchange v. Village of Hewitt, *supra*, and we are not persuaded that the facts of this case warrant a modification of our prior construction of the statute.[2]

Affirmed.

---

[2] We regard Federated Mutual Imp. & Hardware Ins. Co. v. Dunkelberger, 172 N. W. 2d 137 (Iowa, 1969), and Village of Brooten v. Cudahy Packing Co. 291 F. 2d 284 (8 Cir. 1961), principally relied upon by plaintiff, as distinguishable in fact and law.