RESERVE INSURANCE COMPANY AND ANOTHER
v. VILLAGE OF BIG LAKE.

230 N. W. 2d 47.

May 16, 1975—Nos. 44643, 44666.

*Hagglund, Arthur, Chapman & McDonough* and *Michael P. McDonough,* for appellant Reserve.

*Cousineau, McGuire, Shaughnessy & Anderson* and *Harold J. W. Sweet,* for appellant Continental.

*Rider, Bennett, Egan, Johnson & Arundel, Richard J. Nygaard,* and *Richard H. Krochock,* for respondent.

Heard before Sheran, C. J., and Otis and Todd, JJ., and considered and decided by the court en banc.

SHERAN, CHIEF JUSTICE.

These are appeals from a summary judgment entered in favor of respondent. For the purposes of this opinion only, the facts are these:

Over a 3-hour period on August 31, 1968, James R. Ennis consumed intoxicating liquor (first at the Big Lake Municipal Liquor Store and then at the Launching Pad Supper Club, Inc. [Launching Pad], a Minnesota corporation operated by Robert W. Waste), became intoxicated, and drove a car into one operated by Marlo Larson, killing Larson and his son James.

Two actions for the resulting damage were instituted in the Ramsey County District Court. In one, the trustee appointed to assert claims for wrongful death pursuant to Minn. St. 573.02 sued Ennis for the pecuniary loss resulting from the deaths. In the other, Charlotte Larson, the widow of Marlo Larson, and their two surviving children sued Launching Pad for the damages sustained by each of them, as allowed by the Minnesota Civil Damage Act, Minn. St. 340.95.

The Big Lake Municipal Liquor Store was not named as a defendant in either of these actions and no effort was made to join it as a third-party defendant. Instead, Reserve Insurance Company (Reserve), primary insurer of Launching Pad's civil damage exposure (later joined by Continental Casualty Company [Continental], an excess carrier on the same risk), instituted an action against the village of Big Lake, Minnesota, proprietor of the Big Lake Municipal Liquor Store, in the Sherburne County

150

District Court, seeking contribution for any sums which it would be called upon to pay in settlement of the Ramsey County civil damage suit. Thereafter, on March 20, 1972, at a time when all three of these actions were pending and undecided, an agreement was reached whereby Mrs. Larson and her children dismissed with prejudice the civil damage suit against Launching Pad in exchange for a loan in the amount of $100,000 made to them by Launching Pad's civil damage liability insurers. The instrument captioned "LOAN RECEIPT AND TRUST AGREEMENT," is dated March 20, 1972, and reads in part as follows:

"RECEIVED FROM The Launching Pad Supper Club, Incorporated and Robert Waste and his insurers, the Reserve Insurance Company and the Continental National American Insurance Company, the sum of ONE HUNDRED THOUSAND AND NO/100ths DOLLARS ($100,000.00) as a loan, without interest, under the respective policies issued to the Launching Pad Supper Club, Incorporated, a Minnesota corporation and Robert Waste, repayable only in the event and to the extent that any net recovery is made from any person or persons, corporation or corporations, or other parties, on account of loss claimed to have arisen as the result of the sale of an intoxicating beverage to James Ennis on August 31, 1968, which was claimed to have resulted in the death of James Marlo Larson and Marlo Larson.

"As part of this loan receipt it is further agreed that the undersigned, individually and as mother and natural guardian of Laurie Louise Larson and Sally Ann Larson, will proceed to prosecute the claim against the Village of Big Lake whereby it is alleged that the Village of Big Lake sold intoxicating beverage to James Ennis on August 31, 1968, when said James Ennis was intoxicated and that said legal [sic] sale caused or contributed to the death of Marlo Larson and James Marlo Larson."

It was stipulated specifically that the payment would not affect any recovery secured on account of the wrongful death action. It was agreed that the Larsons would join forces with Re-

serve and Continental in an effort to recover damages from the village of Big Lake, with the understanding that Launching Pad's insurers would be repaid the amount of money loaned to the Larsons from any recovery secured from Big Lake.

On May 10, 1972, one of Launching Pad's insurers, Reserve, moved the Sherburne County District Court for an order substituting Mrs. Larson and the children as parties plaintiff in the action pending there. In support of this motion, an affidavit was filed by an attorney for the insurer in which it was averred:

"The case of Charlotte Larson, et al., vs. Launching Pad Supper Club, et al., came on for hearing in Ramsey County District Court on March 20, 1972, at which time a Stipulation of Settlement was executed between the respective parties in the amount of One Hundred Thousand and no/100 ($100,000.00) Dollars with the understanding that the contribution action and the rights of Charlotte I. Larson, Laurie Louise Larson and Sally Ann Larson against the Village of Big Lake were not settled by such agreement and would proceed.

"Pursuant to and in accord with said settlement, a loan receipt agreement was executed by and between the Launching Pad Supper Club, Inc., and Robert Waste and his insurers, the Reserve Insurance Company and the Continental National Insurance Company, and Charlotte I. Larson, individually, and as parent and natural guardian of minors Laurie Louise Larson and Sally Ann Larson."

This motion was denied by the district court upon the ground that the Larsons, having paid nothing, could not have rights of contribution against the village of Big Lake. This order has not been appealed. With issue joined by pleadings in which the plaintiff insurers, Reserve and Continental, claimed contribution against the village, defendant's motion for summary judgment was granted. Judgment was entered and these appeals followed.

In our opinion, the decision of the trial court must be affirmed. It is clear under the law in Minnesota that in a proper case con-

tribution may be recovered in a situation such as this one. In Farmers Ins. Exchange v. Village of Hewitt, 274 Minn. 246, 143 N. W. 2d 230 (1966), we held that the insurer of a negligent driver which settled claims arising out of an automobile accident could seek contribution under the Civil Damage Act from liquor vendors who caused the insured automobile driver to become intoxicated. We said (274 Minn. 251, 143 N. W. 2d 234):

"* * * [T]here is no question that the driver of the automobile and the vendor making the illegal sale of intoxicating liquor are jointly liable to the injured parties. It is true that liability rests on different legal grounds. One rests on common-law negligence and the other on the Civil Damage Act. But the liability of both is common to the injured party. Action for recovery against one does not bar action against the other, but there can be no double recovery and payment by one relieves the other pro tanto of liability up to the amount paid. * * *

\* \* \* \* \*

"The converse is also true, that if there is no common liability there can be no contribution."

To the same effect is Skaja v. Andrews Hotel Co. 281 Minn. 417, 161 N. W. 2d 657 (1968). That case involved a contribution action by one liquor vendor against another on the theory that both had contributed to the intoxication of a person who caused damage to the claimants. Brady's, one of the vendors, paid $20,-000 in settlement to the claimants and secured a covenant not to sue from them. In an action to recover the damages authorized by the Civil Damage Act against Andrews, the other vendor, it was held proper to implead Brady's for the purpose of contribution. The opinion states (281 Minn. 419, 161 N. W. 2d 659):

"Under the factual situation and our prior decisions, it is therefore clear that both vendors are subject to common liability as concurrent but independent wrongdoers and plaintiffs may join both as defendants in a single action, Hartwig v. Loyal Order of Moose, 253 Minn. 347, 91 N. W. (2d) 794, 75 A. L. R.

(2d) 459; that each may be sued separately and held responsible for plaintiffs' entire damages even though the other vendor has contributed to cause such damages, Gronquist v. Olson, 242 Minn. 119, 64 N. W. (2d) 159; that neither may compel plaintiffs to make the other a party to the action or complain because the other has not been sued or because the action against the other has been dismissed; that settlement by Brady's does not discharge Andrews even if plaintiffs' action had been separately instituted against each, Joyce v. Massachusetts Real Estate Co. 173 Minn. 310, 217 N. W. 337; and that an unsatisfied judgment against one would not prevent a later action against the other, Gronquist v. Olson, *supra*."

See, also, Samuelson v. Chicago, R. I. & P. R. Co. 287 Minn. 264, 178 N. W. 2d 620 (1970).

The most recent decision of this court, Milbank Mutual Ins. Co. v. Village of Rose Creek, 302 Minn. 282, 225 N. W. 2d 6 (1974), expresses the principle which governs the instant case. We there held that the right to recover contribution is equitably limited by the extent to which the settling tortfeasor has relieved the other tortfeasor of its potential liability. We said:

"The right to seek contribution is not equivalent to the right to recover contribution. The right to recover contribution is equitably limited by the extent to which the settling tortfeasor has relieved the other tortfeasor of its potential liability." 302 Minn. 282, 225 N. W. 2d 7.

In the instant case, the payment made by Launching Pad and its insurers did not relieve Big Lake of potential liability in whole or in part. The purpose of the March 20, 1972, "Loan Receipt and Trust Agreement" was to make a valid loan as authorized by Blair v. Espeland, 231 Minn. 444, 43 N. W. 2d 274 (1950). The agreement provided specifically that the loan made could not be used to reduce or offset any recovery to be obtained by the trustee in the wrongful death action. The rights of the Larsons against the Big Lake Municipal Liquor Store were preserved to

them intact. The Launching Pad insurers were to have repayment from any net recovery in the proceedings against the village of Big Lake.

The payment made by Launching Pad and its insurers did not secure respite for the village of Big Lake. On the contrary, the Larsons agreed by terms of the receipt to "proceed to prosecute the claim against the Village of Big Lake whereby it is alleged that the Village of Big Lake sold intoxicating beverage to James Ennis on August 31, 1968, when James Ennis was intoxicated and that said [illegal] sale caused or contributed to the death of Marlo Larson and James Marlo Larson."

It is true that the Larsons did not in fact bring suit against the village of Big Lake under the Civil Damage Act. But this was not due to the payment made by the insurers of Launching Pad. By March 20, 1972, the cause of action against the village of Big Lake was, so far as appears, barred by the statute of limitations. At the time of the settlement, the Larsons were, on the face of things, barred from a civil damage suit against the village. This being so, the village gained no advantage from the payment represented by the loan and, in fact, the village remains exposed to suit by the Larsons even though it would appear that the statute of limitations may provide a complete defense, absent a showing by the Larsons why that statute should be tolled.[1]

The equitable principle which undergirds contribution is that the party who seeks payment has conferred an advantage or benefit on the party from whom payment is sought. Where, as here, no benefit has been conferred, there is no entitlement to contribution.

Affirmed.

---

[1] The fact that the statute of limitations bars a direct claim by an injured party against a person benefited by payment does not of itself preclude contribution. The impact of laches is another matter, but we do not have that problem for decision here.