Lavern WEGGEN et al., Plaintiffs,

v.

ELWELL–PARKER ELEC. COMPANY,
Defendant and Third-party Plaintiff,

v.

ALCOA ALUMINUM COMPANY,
Third-party Defendant.

Civ. No. 79–54–D.

United States District Court,
S. D. Iowa,
Davenport Division.

March 31, 1981.

## RULING AND ORDER

John T. Nolan, Iowa City, Iowa, for plaintiff Weggen.

George A. Goebel, and Virginia Barchman, Davenport, Iowa, for Elwell-Parker Elec. Co.

Thomas N. Kamp and Dana M. Craig, Lane & Waterman, Davenport, Iowa, for Alcoa Aluminum.

STUART, Chief Judge.

The Court has before it the motion of Aluminum Company of America, Inc. ("Alcoa"), the third-party defendant, for summary judgment on a third-party complaint filed against it by Elwell-Parker Electronics Corp. ("Elwell"). Plaintiff's action for personal injury is alternatively based on strict products liability, negligence and breach of implied warranty. Plaintiff's injury allegedly resulted from a work-place accident involving a low-lift platform truck manufactured by Elwell for Alcoa. Weggen is an employee of Alcoa.

In its third-party complaint, Elwell is seeking contribution or indemnity from Alcoa in the event it is held liable to Weggen. In Division I of such complaint, Elwell claims Alcoa breached an independent duty it owed Elwell. In Division II, Elwell relies on allegations of Alcoa's gross and wanton disregard for its employee in failing to properly instruct employees in the use of the truck, failing to provide safety equipment and failing to properly maintain the truck. Alcoa has filed a claim for amounts it paid plaintiff under Workmen's Compensation if the employee prevails against Elwell. Alcoa, in its motion for summary judgment, alleges that this court has no jurisdiction and that the complaint fails to state a cause of action upon which relief can be granted.

Elwell relies upon the following allegations to support its third-party claim. Alcoa by written agreement purchased the low-lift platform truck involved in the accident from Elwell. Alcoa specified certain component parts and design modifications in the purchase agreements. Elwell alleges that the accident which produced the injuries to Mr. Weggen was proximately caused by the failure of those specified parts or by the other negligent failures of Alcoa. Elwell also contends that Alcoa knew of similar problems involving the same parts.

 Alcoa's motion for summary judgment on Division II of the complaint should

be sustained. This division is obviously based upon the theory of primary and secondary negligence, although it is not couched in those terms. A third party cannot recover either contribution or indemnity from the employer of a person allegedly injured on the job by the negligent acts of both the third party and the employer because Iowa requires common liability for contribution or indemnity between joint tortfeasors. Common liability is not present when the workmen's compensation laws are involved. *Sweeny v. Pease*, 294 N.W.2d 819, 821 (Iowa 1980); *Iowa Power and Light Co. v. Abild Construction Co.*, 259 Iowa 314, 323, 144 N.W.2d 303, 309 (1966).

■ Alcoa's motion for summary judgment on the claims for contribution stated in Division I of the complaint should be sustained for the same reasons. *Abild*, 144 N.W.2d at 306.

■ On the indemnity claims in Division I, Alcoa argues that "assuming Alcoa did in fact have the primary and independent responsibility for the design configuration of the machine and was the draftsman of the subject low-lift specifications, this still would not give rise to a claim for indemnity in this case due to the common liability rule." But the common liability rule is no bar to recovery from an employer if the action is founded upon an independent duty owed the third party by the employer. The issue that requires detailed discussion then is whether as a matter of law there is no independent duty running between Alcoa and Elwell which, if breached, would support a cause of action for indemnity under the theories propounded in *Ryan Stevedoring Co., Inc. v. Pan-Atlantic Steamship Corp.*, 350 U.S. 124, 131, 76 S.Ct. 232, 236, 100 L.Ed. 133 (1955); *Steinmetz v. Bradbury Co., Inc.*, 618 F.2d 21, 24 (8th Cir. 1980); *Abild*, 144 N.W.2d at 308; and *Blackford v. Sioux City Dressed Pork, Inc.*, 254 Iowa 845, 853, 118 N.W.2d 559, 564 (1962).

■ The Iowa Court has said that breach of an independent duty running from the employer to the third party can support a claim for indemnity even in the presence of Workmen's Compensation. *Abild*, 144 N.W.2d at 308; *Blackford*, 118 N.W.2d at 563. In both of these cases, the duty was implied from the terms of an agreement between the parties. In *Blackford*, a contract for services implied a duty to do the work safely. *Blackford*, 118 N.W.2d at 564. *Abild* held that a contractor's failure to perform certain obligations as agreed could be a breach of an independent duty arising from the agreement and was sufficient to support a claim for indemnity. *Abild*, 144 N.W.2d at 309. Elwell claims that the duty Alcoa has breached is implied by the purchase contract for the low-lift truck. The general rule is that indemnity is not available to the manufacturer of a defective product from its purchaser. Products Liability, Frumer & Friedman 44.02[3](d). No duty of care arises from a vendor/vendee relationship. *Oman v. Johns Manville Corp.*, 482 F.Supp. 1060, 1063 (E.D.Va.1980). The breach of a general duty of care will not support a claim for indemnity. *Abild*, 144 N.W.2d at 311. *Hysell v. Iowa Public Service Co.*, 534 F.2d 775, 784 (8th Cir. 1976) appeal after remand 559 F.2d 468 (1976). But here more than a general duty is alleged. Elwell claims that the purchase order contract for the low-lift truck produced a designer/fabricator (assembling manufacturer) relationship instead of the ordinary vendor/vendee relationship. Elwell claims a manufacturer of a defective product which causes injury to an employee can seek indemnity from the employer if the defect that caused the injury was in a design modification specified by the employer in the purchase contract under which the product was manufactured.

■ The Court believes that a purchaser's input into the specifications and design modifications may be so intrusive, specialized and specific that it gives rise to an independent duty requiring the purchaser to use due care in the design and specification of component parts.

■ At this stage of the proceeding, the facts must be viewed in the light most

favorable to Elwell, which must also be afforded the benefit of all favorable inferences that may be derived from the record before the Court. The Court cannot say at this time that these are no genuine issues of material fact and that Alcoa is entitled to judgment as a matter of law. Therefore, Alcoa's motion for summary judgment should be denied. *McLain v. Meier,* 612 F.2d 349, 356 (8th Cir. 1979); *Butler v. MFA Life Insurance Co.,* 591 F.2d 448, 551 (8th Cir. 1979); *EEOC v. Liberty Loan Corp.,* 584 F.2d 853, 857 (8th Cir. 1978).

■ Although not all design modification and component parts specifications would necessarily create a duty running from the purchaser to the manufacturer, the facts could disclose a situation creating the relationship of designer and fabricator. Such relationship carries with it an implied obligation of the designer to use due care in specifying the component parts to be used in the fabricating process. Such duty is not contingent upon any duty Alcoa might have toward its employees. It exists as an independent duty upon which the assembler may ordinarily rely, absent affirmative defenses.

IT IS THEREFORE ORDERED:

(1) Alcoa's Motion for Summary Judgment on Division II of Elwell's Third-Party Complaint is granted.

(2) Alcoa's Motion for Summary Judgment on the claims for contribution stated in Division I of Elwell's Third-Party Complaint is granted.

(3) Alcoa's Motion for Summary Judgment on the claims for indemnity stated in Division I of Elwell's Third-Party Complaint is denied.