Robert H. MAILLIARD,
Plaintiff–Appellee,

v.

Virgil F. HEFFERNEN and Beata
Heffernen, Defendants,

Marsha M. Mailliard,
Defendant–Appellant.

No. 86–1729.

Court of Appeals of Iowa.

Nov. 30, 1987.

Dan Connell, John Duffy, and Curtis Tideman of Connell & Duffy, P.C., Storm Lake, for defendant-appellant.

Philip E. Havens of Havens & Havens, Storm Lake, for plaintiff-appellee.

Heard by OXBERGER, C.J., and HAYDEN, and SACKETT, JJ.

SACKETT, Judge.

This is an action brought by plaintiff-mortgagor against his co-mortgagors for contribution for sums he paid on a deficiency judgment and to redeem the real estate after the mortgagee had foreclosed on the note and mortgage and had obtained a deficiency judgment.

Plaintiff–Appellee Robert H. Mailliard, Defendant Virgil Heffernen, Defendant Beata Heffernen and Defendant–Appellant Marsha Mailliard were co-obligors on a note and mortgage given to First Federal of Storm Lake, Iowa, encumbering proper-

ty in Cherokee County, Iowa. An undivided one-half interest in the encumbered property was owned by plaintiff and Defendant–Appellant Marsha M. Mailliard as joint tenants. The Mailliards were married when the note and mortgage were given. Their marriage had been dissolved when these proceedings were commenced. The other undivided one-half interest in the Cherokee County property was owned by Virgil Heffernen and Beata Heffernen as joint tenants. The Heffernens were defendants in the original action. The Heffernens have not appealed.

First Federal sued on the note and sought foreclosure of the mortgage. A decree of foreclosure issued and judgment was rendered against the four mortgagors (jointly and severally) for $82,045.08 plus interest and attorney fees. An execution issued and the Cherokee property was sold at sheriff's sale for $23,223.44. A deficiency judgment was entered against the four mortgagors jointly and severally for $64,121.19. An execution issued and plaintiff was forced to pay the entire $64,121.19. Plaintiff subsequently redeemed the Cherokee property for $25,120.85.

Plaintiff then filed suit against the three defendants in Buena Vista County seeking contribution for their share of the deficiency judgment and against the three defendants in Cherokee County seeking contribution for the amount he paid to redeem the real estate. The Buena Vista and Cherokee County cases were consolidated for trial. The cases were tried to the court.

It was conceded at trial plaintiff was entitled to contribution from the three defendants. Marsha agreed she was solvent and was responsible for a twenty-five percent contribution. The issue was whether Virgil and Beata Heffernen were solvent or insolvent. If the Heffernens were found to be insolvent then the court had to determine the effect of the insolvency. Evidence was introduced as to the financial condition of Virgil and Beata.

The trial court determined defendants Virgil Heffernen and Beata Heffernen were solvent in Cherokee County. The court went on in the Cherokee case to enter judgment against Marsha for $6,280.21, against Virgil for $6,280.21, against Beata for $6,280.21, and imposed a lien on the real estate.

The trial court determined the Heffernens were not solvent in Buena Vista County and entered a decree in the Buena Vista County cause holding plaintiff should recover from Marsha $32,202.83 (fifty percent of the Buena Vista judgment). The court then gave plaintiff judgment against Virgil for $10,755.75 and against Beata for $10,755.75. Both plaintiff's and Marsha's judgments were subject to the restriction plaintiff should not recover over $16,101.42 (twenty-five percent of the deficiency judgment plus interest). It gave Marsha judgment against Virgil for $10,755.75 and against Beata for $10,755.75.

Marsha appeals contending the trial court incorrectly defined insolvency and erred in finding Virgil and Beata insolvent. She challenges the amount of contribution she was ordered to pay.

■ The doctrine of contribution rests on principles of equity and natural justice. 18 Am.Jur.2d *Contribution* § 1, at 8–9 (1985). It arises from the equitable consideration that persons subject to a common duty or debt should contribute equally to the discharge of the duty or debt. *See Licht v. Klipp,* 213 Iowa 1071, 1075–76, 240 N.W. 722, 724 (1932). But no one person should be subject to bear more than his or her just share to the advantage of his or her co-obligors. *Daniel v. Best,* 232 Iowa 785, 791, 5 N.W.2d 149, 152 (1942). The equitable principle that undergirds contribution is that the party who seeks payment has conferred an advantage or benefit on the party from whom payment is sought. *Reserve Ins. Co. v. Village of Big Lake,* 304 Minn. 148, 230 N.W.2d 47, 50 (1975).

■ Ordinarily a judgment is divided equally among those liable. *See Schnebly v. Baker,* 217 N.W.2d 708, 731 (Iowa 1974). When one of several joint obligors pays the debt he or she is entitled to contribution from the other solvent obligors. His right is to have contribution. *See Novak v. Dupont,* 112 Iowa 334, 336, 83 N.W. 1062,

1062 (1900). All others who are jointly bound with him and are solvent, not alone the one who pays, must bear their proportion of the loss resulting from the insolvency of one of them. *Daniel,* 232 Iowa at 790, 5 N.W.2d at 152.

■ The general rule of apportionment in contribution is all co-obligors must contribute equally and a plaintiff seeking increased contribution because of insolvency of one or more co-obligors must prove the insolvency. *See* 18 Am.Jur.2d *Contribution* § 125, at 128–29 (1985).

■ The obligation to make contribution is one of the implications of the law looking to the equitable apportionment of liability. *See Flickinger v. Price,* 165 Iowa 570, 574–75, 146 N.W. 738, 741 (1914). When a co-obligor becomes insolvent and unable to meet his or her share, the obligation falls equally on the co-obligors. *Id.*

Plaintiff brought the action and has the obligation to prove the elements showing he should have contribution. The parties concede they had joint responsibility on the debt. Robert made payments on the debt and is entitled to contribution. Marsha concedes her responsibility for twenty-five percent of the amount. The issue is whether the trial court was correct in holding her responsible for a share in excess of twenty-five percent.

Our review is de novo. Iowa R.App.P. 4.

■ Marsha contends the trial court approached the matter incorrectly because it adopted a definition of solvency which in essence excluded any contribution from a co-obligor in the event he or she were unable to pay his or her entire share. Marsha contends the co-obligor should at least contribute to the share as they are able. We agree. A co-obligor should contribute toward his or her share to the limit of his or her respective financial abilities. *See Daniel v. Best,* 232 Iowa 785, 789, 5 N.W.2d 149, 152 (1942) (where court affirmed a decree award made to selling shareholders in an insolvent private bank against nonsettling shareholders where settling shareholders had collected all amounts possible from insolvent shareholders).

Because we determine each party should contribute as they are able and plaintiff has the burden of proving the inability of one or more parties to pay their full share, we review the evidence to determine whether plaintiff has met this burden so he can recover a contribution in excess of twenty-five percent from Marsha.

It is the general rule of apportionment in contribution that in the absence of any proof to the contrary, all co-obligors must contribute equally in discharging their common obligation, and hence a plaintiff seeking contribution in a different proportion, such as in increased amounts from solvent co-obligors because of the insolvency of others, must make out his case by evidence.

18 Am.Jur.2d *Contribution,* § 125, at 128–29.

The evidence shows Heffernens have net assets of about $60,000 exclusive of their interest in the Cherokee property. The trial court determined the majority of the Heffernens' assets were exempt. Marsha challenges this determination on the basis there was insufficient evidence to support a determination certain items were exempt. Because of our holding we need not address the issue whether the trial court made a correct determination as to exempt assets. The trial court did find Virgil had nonexempt assets exclusive of his interest in the Cherokee property of $14,000–$16,000.

We cannot determine the Heffernens' ability or inability to contribute because plaintiff provided *no* evidence of the value of the Heffernens' interest in the Cherokee property. The trial court found and we agree there was no value given to the Cherokee property. The only witnesses who were asked about its value testified they did not know the value.

The record shows only that the parties paid over $100,000 for the property and Robert offered to sell the property for $80,000. The property has not been listed for sale. The sheriff's sale brought $23,233.44. The sheriff's sale does not establish value. A sheriff's sale is frequently a depressed sale. The mortgagors here had

other known and available assets. Because the mortgagee could look beyond the real estate for recovery, it was not necessary for the mortgagee to bid full price. Additionally, Robert redeemed the property, which is an indication he considered it worth more than the sheriff's sale price.

■ We agree with Marsha the evidence is insufficient to show the Heffernens' net worth and their ability or inability to pay their full share. Robert has failed to meet his burden to prove the Heffernens cannot contribute equally and has failed to make a case supporting a recovery of an increased amount from Marsha. *See* Am.Jur.2d, *Contribution*, § 125, at 128–29.

We affirm the Cherokee County judgment. We modify the Buena Vista County judgment to provide plaintiff shall recover from Marsha Mailliard judgment for the sum of $16,101.42 (twenty-five percent of the sum of $64,374.16, plus $31.50 sheriff's fees paid) with interest at ten percent from June 26, 1984. That portion of the Buena Vista County judgment giving Marsha judgment against defendants Virgil Heffernen and Beata Heffernen is amended to substitute the name "Robert H. Mailliard" for the name Marsha Mailliard.

Costs on appeal are taxed to Robert.

AFFIRMED AS MODIFIED.