Richard A. HERTER and Ivadean
Herter, Plaintiffs,

v.

RINGLAND–JOHNSON–CROWLEY
COMPANY, Defendant,

and

Waldinger Corporation, Appellant.

RINGLAND–JOHNSON–CROWLEY
COMPANY, Third–Party
Plaintiff,

v.

MID–IOWA ELECTRIC COMPANY,
Third–Party Defendant–
Appellee.

MID–IOWA ELECTRIC COMPANY,
Third–Party Plaintiff–Appellee,

v.

WOLIN & ASSOCIATES, Third–
Party Defendant–Appellant.

No. 91–998.

Supreme Court of Iowa.

Nov. 25, 1992.

Joseph A. Happe of Jones, Hoffmann & Huber, Des Moines, for appellants.

Scott E. McLeod of Lynch, Dallas, Smith & Harman, Cedar Rapids, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and SNELL, JJ.

## 673

NEUMAN, Justice.

This appeal involves a dispute over equitable contribution between two parties bound by identical indemnification agreements with the same indemnitee.

Neither the facts nor the procedural history of the case are disputed. Plaintiff Richard Herter was injured at a construction site when he fell from an extension ladder owned by Ringland–Johnson–Crowley (RJC), the general contractor. Herter was an employee of Mid–Iowa Electric Company, the electrical subcontractor. The ladder had been moved and then negligently secured by employees of Waldinger Corporation. Waldinger was a subcontractor of Wolin & Associates, Inc., RJC's original sheet metal subcontractor on the job. RJC was the beneficiary of separate indemnification agreements with both Mid–Iowa and Wolin.

Herter sued RJC and Waldinger for the injuries he sustained.[1] RJC brought a third-party action against Mid–Iowa for indemnity. Mid–Iowa, in turn, brought a third-party claim against Wolin and a cross-claim against Waldinger for contribution. Pursuant to its subcontract with Wolin, Waldinger took up Wolin's defense and has agreed to hold Wolin harmless for any judgment ordered against it in this case.

Following discovery, RJC moved for an adjudication of law points under Iowa Rule of Civil Procedure 105. It subsequently prevailed as a matter of law on its claim that Mid–Iowa must indemnify it for any loss sustained as a result of Herter's suit, including costs and attorney fees. Thereafter the following settlement was reached: Mid–Iowa paid Herter $110,000 on behalf of RJC; Waldinger paid Herter $40,000. The Herter suit was dismissed. The remaining parties, however, reserved their competing claims for indemnity and contribution.

Mid–Iowa then moved for summary judgment on its contribution claim against Wolin. The court sustained the motion, ruling that because Wolin and Mid–Iowa share identical obligations of indemnity towards RJC, equity compelled a division of the sum advanced by Mid–Iowa on RJC's behalf in settlement of Herter's suit. Thus the district court entered judgment against Wolin and Waldinger, jointly, for $55,000. It is from this judgment that Wolin and Waldinger have appealed.

We note that Mid–Iowa originally cross-appealed the order directing it to indemnify RJC. Just before oral argument, however, Mid–Iowa apparently settled its dispute with RJC and has now dismissed its cross-appeal. Thus the sole remaining question on appeal is whether the court properly ordered judgment for contribution against Wolin and Waldinger for one-half the sum paid by Mid–Iowa to indemnify RJC. For the reasons that follow, we affirm the judgment of the district court.

I. Although the claim before us is strictly for contribution, not indemnity, the contribution claim rests on obligations flowing from Wolin's and Mid–Iowa's contracts of indemnity with RJC. Those indemnity contracts provide, in pertinent part:

The Subcontractor agrees to assume entire responsibility and liability for all damages or injury to all persons, whether employees or otherwise, and to all property, arising out of, resulting from or in any manner connected with, the execution of the work provided for in this Subcontract or occurring or resulting from the use by the Subcontractor, his agents or employees of material, equipment, instrumentalities or other property, whether the same be owned by the Contractor, the Subcontractor or third parties, and the Subcontractor agrees to indemnify and save harmless the Contractor, his agents and employees from all such claims including, without limiting the generality of the foregoing, claims for which the Contractor may be, or may be claimed to be, liable, and legal fees and disbursements paid or incurred to enforce the provisions of this paragraph, and the Subcontractor further agrees to obtain, maintain and pay for such contractual liability insurance coverage as will insure the provisions of this paragraph.

---

1. Herter's wife, Ivadean, also sued for—and eventually settled—a claimed loss of consortium. For purposes of this opinion, these plaintiffs will be described simply as "Herter."

■ This court has long recognized the enforceability of indemnity agreements. We have looked with some disfavor, however, on those which relieve the indemnitee of its own negligence. *Thornton v. Guthrie County Rural Elec. Coop. Ass'n,* 467 N.W.2d 574, 576–77 (Iowa 1991). The enforceability of such contracts turns on whether the indemnifying language is "clear and unequivocal." *Id.* (quoting *Payne Plumbing & Heating Co. v. Bob McKiness Excavating & Grading, Inc.,* 382 N.W.2d 156, 160 (Iowa 1986)). Broad and general language will not suffice to shift the burden of liability, particularly when the damage is caused by the indemnitee's sole negligence. *Trushcheff v. Abell–Howe Co.,* 239 N.W.2d 116, 134 (Iowa 1976); *Evans v. Howard R. Green Co.,* 231 N.W.2d 907, 916 (Iowa 1975). However, the contract need not expressly relieve the indemnitee of its own negligence if the words of the agreement clearly import that intent. *See Payne,* 382 N.W.2d at 160 (contract in which subcontractor agrees to indemnify for damages "caused in part by a party indemnified hereunder" clearly relieves indemnitee of own negligence).

■ The doctrine of contribution rests on the equitable principle that parties subject to a common liability or debt should contribute equally to its discharge. *Mailliard v. Heffernen,* 418 N.W.2d 85, 86 (Iowa App.1987). Contribution is customarily sought in the case of joint tortfeasors, where common liability is established by proof that the injured party possesses an actionable remedy against both the party seeking contribution and the party from whom contribution is sought. *Rees v. Dallas County,* 372 N.W.2d 503, 505 (Iowa 1985). Here, however, the dispute concerns parallel obligations flowing from Mid–Iowa's and Wolin's indemnity agreements with RJC. In this context—which the parties have analogized to a joint debt—apportionment is justified on the ground that the party seeking contribution "has conferred an advantage or benefit on the party from whom payment is sought." *Mailliard,* 418 N.W.2d at 86.

II. Wolin's appeal rests on its contention that it shares no common liability with Mid–Iowa to indemnify RJC.

The indemnity clause set out above has two triggering mechanisms. Indemnity is required for: (1) injuries "arising out of, resulting from or in any manner connected with, the execution of the work provided for in this Subcontract"; and (2) injuries "occurring or resulting from the use by the Subcontractor, his agents or employees of material, equipment, instrumentalities or other property, whether the same be owned by the Contractor, the Subcontractor or third parties." The district court concluded, and it is not contested on appeal, that in Mid–Iowa's case, the agreement obligated Mid–Iowa to indemnify RJC because (1) Herter's injury arose out of the work provided for in Mid–Iowa's subcontract, and (2) Herter's injury resulted from his use of equipment (a ladder) owned by the contractor, RJC.

Wolin insists that its identical agreement with RJC has no force or effect because Wolin subcontracted its work to Waldinger. Focusing only on the second triggering mechanism, Wolin argues that the language requires it to assume liability for the use of equipment by its *agents and employees,* not its subcontractors. Alleging that no agent or employee of Wolin was involved in the accident, Wolin contends the agreement does not clearly and unequivocally impose an obligation upon Wolin to indemnify RJC. *See Payne,* 382 N.W.2d at 160 ("[A]n indemnifying agreement will not be construed to relieve the indemnitee from the effect of its own negligence unless the agreement provides for it in 'clear and unequivocal' language.").

■ The weakness in Wolin's argument is that it disregards the primary factor triggering indemnity: an injury connected with the execution of the contract. Wolin contracted to perform the sheet metal work, then subcontracted its obligation to Waldinger. The Wolin–Waldinger agreement expressly provides that Waldinger assumes all obligations and responsibilities that Wolin has assumed in connection with the work on the property subject to the subcontract. Wolin readily admits that Waldinger stepped into its shoes insofar as performance required under the Wolin–RJC contract. Although Herter's injuries

occurred while he was performing electrical work under RJC's contract with Mid–Iowa, the injuries resulted from negligence by *Waldinger's* employees in the performance of *Wolin's* sheet metal subcontract.

Wolin complains that by enforcing the duties between Waldinger and Wolin, the district court has made Waldinger the insurer of RJC. That may be true, but we are convinced this shifting of liability is plainly called for under the subcontract. Wolin advances no authority to the contrary.

Furthermore, the fact that Waldinger was discharging Wolin's contractual obligations to RJC soundly defeats Wolin's plea that the contribution ordered by the district court is inequitable. It is true that Waldinger has already advanced $40,000 in settlement with Herter. But it is equally true that Mid–Iowa advanced $110,000 under the same settlement, prompted not by threat of a negligence claim but in fulfillment of its indemnity contract. Given Wolin's identical obligations under that contract, and the fact that its own subcontractor was the negligent party, we find nothing inequitable or erroneous in the contribution award ordered by the court.

AFFIRMED.