**Delmar Eugene Evans, Plaintiff,**

v.

**McComas–Lacina Construction Co., an Iowa Corporation, Defendant.**

**McCOMAS–LACINA CONSTRUCTION CO., an Iowa Corporation, Appellant,**

v.

**ABLE CONSTRUCTORS, Appellee.**

No. 00–1004.

Supreme Court of Iowa.

April 3, 2002.

Mark A. Roberts of Simmons, Perrine, Albright & Ellwood, P.L.C., Cedar Rapids, for appellant.

Mark W. Thomas and Michael A. Carmoney of Grefe & Sidney, P.L.C., Des Moines, for appellee.

STREIT, Justice.

McComas–Lacina Construction Company appeals the district court's grant of summary judgment to Able Constructors in its suit for contractual indemnification. This case arose due to injury sustained by one of Able's employees through the performance of McComas' and Able's subcontract. The injured employee sued McComas for his injuries. McComas argues summary judgment was improper because genuine issues of material fact existed regarding whether Able was required to indemnify McComas and whether Able breached the subcontract for failing to provide certain insurance as required by the agreement. We reverse and remand.

## I. Background and Facts

The University of Iowa hired McComas–Lacina Construction Company to serve as general contractor for the construction of a new facility at the University of Iowa Oakdale campus. McComas entered into a subcontract with Able Constructors to erect structural steel, steel joists, and steel decking. Delmar Eugene Evans worked for Able on the project. While working on the structural steel at the construction site, Evans fell from a height of over twenty feet and was injured. Evans sued McComas for McComas' own independent acts of negligence. Evans also sued McComas for Able's acts of negligence, stating any negligence attributable to Able is imputed to McComas as a matter of law. Evans' suit against McComas was dismissed while this present appeal was pending.

McComas filed a third-party petition seeking contractual indemnity from Able pursuant to the terms of the contract. Able filed a motion for summary judgment on the grounds it was immune from suit because of the exclusive remedy rule of workers' compensation. Able further argued it had no duty to indemnify McComas. Agreeing with Able, the district court stated "it appears to this Court that [McComas] is attempting to do what the law does not allow it to do . . . ." The court therefore granted the motion for summary judgment. McComas appeals.

On appeal, McComas contends the court erred in finding it was precluded from seeking indemnification from Evans' employer, Able. McComas further argues Able breached its contract by failing to provide owners' or contractors' protective liability insurance as was required by the contract.

## II. Scope of Review

We review a grant or denial of a motion for summary judgment for correction of errors at law. *Channon v. United Parcel Serv., Inc.*, 629 N.W.2d 835, 857 (Iowa 2001) (citing *Knudson v. City of Decorah*, 622 N.W.2d 42, 48 (Iowa 2000)). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Iowa R. Civ. P. 1.981(3) (2002). We review the record in the light most favorable to the party opposing the motion for summary judgment. *Kelly v. Iowa Mut. Ins. Co.*, 620 N.W.2d 637, 641 (Iowa 2000). On appeal, we determine whether a genuine issue of material fact exists and whether the district court correctly applied the law. *Id.* (citing *Red Giant Oil Co. v. Lawlor*, 528 N.W.2d 524, 528 (Iowa 1995)). The burden of proof is on the party moving for summary judg-

ment to show no genuine issues of material fact exist. *Oswald v. LeGrand,* 453 N.W.2d 634, 635 (Iowa 1990).

### III.  The Merits

McComas seeks indemnification from Able based on the subcontract they entered into. McComas also contends Able breached the contract by failing to provide owners' or contractors' protective liability insurance as required by the terms of the contract.

### A.  Indemnification

McComas argues Iowa law permits employers to contract with third parties to provide indemnification they would otherwise avoid as employers under the exclusive recovery rule of our workers' compensation statute. *See* Iowa Code § 85.20 (1999). Able responds asserting an indemnity agreement generally will not be construed to cover losses to the indemnitee caused by its own negligence. The district court ruled McComas' indemnity action against Able was barred because the terms of the subcontract did not provide for indemnity under such facts.

Able contends McComas may not seek indemnity from Able because of the exclusive remedy rule of workers' compensation. *See id.* The undisputed facts reveal Evans' injuries occurred in the course of his employment for Able. Consequently, Evans' rights and remedies against Able for his injuries are controlled by the Workers' Compensation Act. *See id.* However, workers' compensation does not function as a complete bar to suit against an employer by a third party where the employer has breached an independent duty to the third party. *Weggen v. Elwell–Parker Elec. Co.,* 510 F.Supp. 252, 254 (D.C.Iowa

1981); *Herter v. Ringland–Johnson–Crowley Co.,* 492 N.W.2d 672, 673 (Iowa 1992). There are several different grounds upon which a claimant may seek indemnity, including express contract. *See Iowa Power & Light Co. v. Abild Constr. Co.,* 259 Iowa 314, 322–23, 144 N.W.2d 303, 308 (1966) (citations omitted). "[C]ontractual indemnity is not disfavored and ordinarily will be enforced between the parties according to its terms." *Pirelli–Armstrong Tire Corp. v. Midwest–Werner & Pfleiderer, Inc.,* 540 N.W.2d 647, 649 (Iowa 1995). McComas is entitled to recover against Able if the parties included an enforceable contractual indemnity provision in the subcontract.

We must determine whether there is an express contractual obligation requiring Able to indemnify McComas. The subcontract provides, in part:

> *Tenth.* The Sub-contractor agrees to indemnify and save harmless the Owner and General Contractor against loss or expense by reason of the liability imposed by law upon the Owner and General Contractor for damage because of bodily injuries, . . .; accidentally sustained by any person or persons on account of damage to property arising out of or on account of or in consequence of the performance of this contract, whether or not such injuries to persons or damage to the property are due or claimed to be due to any negligence of the Sub-contractor, his employees, his agents or servants.

> *Eleventh.* The Sub-contractor shall protect and indemnify said Contractor against any loss or damage suffered by any one arising through the negligence of the Sub-contractor, or those employed by him or his agent or servants; he shall bear any expense which the Contractor may have by reason thereof, or on account of being charged therewith. . . .

These provisions of the subcontract clearly and unequivocally require Able to indemnify McComas in two situations. *See Martin & Pitz Assocs., Inc. v. Hudson Constr. Servs., Inc.*, 602 N.W.2d 805, 809 (Iowa 1999) (quoting *Payne Plumbing & Heating Co. v. Bob McKiness Excavating & Grading, Inc.*, 382 N.W.2d 156, 160 (Iowa 1986) (a party may seek indemnification for its own negligence only if "the agreement provides for it in 'clear and unequivocal' language")). The first situation involves indemnification for loss imposed by law for damage because of bodily injury sustained by any person arising through the performance of the subcontract, regardless of whether Able caused any injury or damage. The second circumstance involves indemnification for any loss or damage arising through Able's negligent conduct.

"Ordinarily, indemnifying agreements will be enforced according to their terms, as in any other contract case." *Walker v. Ryan Cos. US, Inc.*, 149 F.Supp.2d 849, 855 (S.D.Iowa 2001) (quoting *Martin*, 602 N.W.2d at 808-09). Absent ambiguity in the agreement, we are bound by the language expressed in the contract. *Id.* (citing *Huber v. Hovey*, 501 N.W.2d 53, 56 (Iowa 1993)). In the eleventh paragraph, Able agreed to indemnify McComas for "*any* loss or damage suffered by *any* one." (Emphasis added.) Moreover, the subcontract provided Able "shall bear *any* expense which [McComas] may have by reason" of any loss or damage. (Emphasis added.) The parties contracted freely to this agreement and included clear language requiring Able to indemnify McComas for any loss or damage sustained as a result of Able's negligence. The indemnification provision of paragraph eleven is enforceable.

Able also attempts to evade application of the indemnity provision by arguing the provisions do not apply because McComas is seeking indemnification based on its own negligence. In doing so, Able relies on a case with related circumstances to the one before us. In *Trushcheff* an injured employee of the subcontractor brought an action against the general contractor of the construction project. *Trushcheff v. Abell–Howe Co.*, 239 N.W.2d 116, 119 (Iowa 1976). The contractor then sought indemnity from the subcontractors for the *contractor's* negligence based on contractual and quasi-contractual indemnity theories. The *Trushcheff* subcontract included language providing for indemnity:

> It is understood and agreed that the Sub–Contractor will indemnify and save harmless the General Contractor and the Owner from and against any and all claims for injury or death to persons or damage to property (including cost of litigation and attorneys' fees) in any manner caused by, arising from, incident to, connected with or growing out of the work to be performed under this contract regardless of whether such claim is alleged to be caused, in whole or in part, by negligence or otherwise on the part of the Sub–Contractor, its employees, agents or servants.

*Id.* at 134. In an action by the indemnitee against the indemnitor, we held this clause was unenforceable because it did not say the subcontractor would indemnify the contractor even if the contractor was negligent. Because the contractual language did not clearly and unequivocally include coverage for negligent acts of the indemnitee, there was no recognizable cause of action. *Id.; see also Herter*, 492 N.W.2d at 674. *Trushcheff* did not involve any evidence of negligence on the part of the subcontractor. Rather, there was no dispute the only negligent party in *Trushcheff*

was the contractor. Consequently, we did not address whether the plaintiff's employer was required by contract to indemnify the contractor for the employer/subcontractor's negligence.

Though both Able and the district court relied significantly on this case, *Trushcheff* is not dispositive of the issues before us. Unlike the contractor in *Trushcheff*, McComas does not seek indemnity from Able based on McComas' own negligence. If this were the case, our prior case law suggests McComas would be precluded from seeking contractual indemnity because the language of paragraph ten of the subcontract does not clearly and equivocally provide for indemnity under those circumstances. *See Trushcheff*, 239 N.W.2d at 134. However, this is not the situation we have before us because McComas seeks indemnity based on Able's negligence—a circumstance explicitly addressed in paragraph eleven of the subcontract. Because McComas seeks indemnity purely for Able's acts of negligence, paragraph eleven may apply to this case. Since the scope of this provision addresses any loss or damage arising through Able's conduct, we must determine whether there was a genuine issue of material fact regarding whether McComas suffered any loss as a result of Able's negligence.

The following facts are undisputed. During the course of his work, Evans discovered seven to ten X-braces that could not be bolted in one corner to the structure because the holes were not properly aligned. He was the only employee to discover these defects. After realizing the problem, Evans immediately notified Able's operator, Dale Weissinger, of the defects. Weissinger, trained as a welder, instructed Evans to clamp the corner of the X-brace to the structure with a vice-grip clamp. Weissinger stated he believed this would be safe until the braces could be properly welded. Weissinger then informed McComas of the defective X-brace. McComas immediately told the metal fabricator of the defect so he could weld the brace to the structure.

Evans fell from a height of over twenty feet while working on the structure. After the fall, Weissinger determined the X-brace was not attached and had not been clamped as he instructed. At Weissinger's direction, one of his other employees then welded the X-brace to the structure. Able admits McComas did not retain or exercise substantial daily operational control and supervision over Able's work activity. Daily operational control included type, order, and location of work, use of safety equipment, fall protection equipment, and OSHA compliance. Only Able employees were working on the structural steel. It was Weissinger's responsibility to provide a safe working environment for Evans and to provide fall protection equipment.

Able claims Evans' suit against McComas was based only on McComas' fault such that McComas may not seek indemnity under the subcontract. Contrary to Able's assertion, Evans' suit against McComas involved allegations of negligence attributable not only to McComas, but also to Able. McComas filed particular motions suggesting Evans' claim did not involve any assertion Able was at fault. When this confusion became apparent, Evans clarified the issue stating his "claim will involve not only direct liability of McComas but also will impute any negligence of Able to McComas...." Evans made clear Able failed to provide, permit, or require fall protection equipment or other reasonable workplace safety precautions. Evans also claimed Able failed to

supervise and regulate the safety of the workplace in these matters. In Evans' first amended and substituted petition, he asserted Able's conduct was a proximate cause of Evans' injuries. Evans' claim against McComas explicitly put in issue Able's fault toward Evans.

Able also claims McComas is precluded from arguing negligence because this legal theory was not specifically alleged in the third-party petition. McComas' petition alleged the facts necessary to apprise Able of the incident from which the claim arose and the general nature of the action. *See* Iowa R. Civ. P. 1.402(2)(a) (2002) ("each averment of a pleading shall be simple, concise, and direct"). The petition stated, in part,

1. Able and McComas entered into a subcontract that provided Able will "protect, indemnify and save harmless McComas for damages of the type alleged by [McComas]....";

2. Evans was employed by Able in the course of Able's performance of this contract;

3. Evans allegedly sustained injuries while employed by Able in the course of Able's performance of the contract;

4. McComas tendered the defense of Evans' petition to Able;

5. Able breached the contract by refusing to provide a defense as required by the contract;

6. In the event McComas is held liable for damages as alleged in Evans' petition, Able is required to indemnify McComas for such damages.

McComas made it clear in its third-party petition that it was seeking contractual indemnity from Able based on the terms of the subcontract. McComas was not required to plead ultimate facts or identify a specific legal theory in order to later argue negligence. *Lake v. Schaffnit,* 406 N.W.2d 437, 439 (Iowa 1987).

Given these circumstances, Able's motion for summary judgment should have been denied. Paragraph eleven of the parties' subcontract provides for exactly the type of situation where the contractor seeks indemnity for damage sustained as a result of the subcontractor's negligence. Therefore, the indemnity provision in paragraph eleven may apply if McComas can show Able was negligent and the negligence was a proximate cause of Evans' injuries. Because there was a genuine issue of material fact regarding the cause of Evans' injuries, we reverse and remand for a trial on the issue of negligence, if any, attributable to Able.

### B. Breach of Contract

McComas argues Able breached the subcontract by failing to provide owners' or contractors' protective liability insurance. In the court's ruling on Able's motion for summary judgment, the court did not specifically address this issue. The court dismissed the case in its entirety based on the indemnification issue. McComas filed a rule 1.904(2) motion requesting the court enlarge its findings to include a genuine issue of material fact existed as to Able's liability for failing to provide such protective liability insurance. Without comment on this particular issue, the court overruled McComas' rule 1.904(2) motion.

Paragraph twelve of the subcontract is the provision covering purchase of insurance for this project. This provision provides,

The Sub-contractor shall take out and pay for Employers' Liability or Work-

men's Compensation insurance as required by the State in which this work is performed, also Public Liability and Property Damage insurance, in amounts to be agreed upon by the Contracting parties. Upon signature of this contract the Sub-contractor must submit certificate of insurance to include Owners' or Contractors' Protective Liability.

McComas first alleged Able breached its duty to obtain insurance as provided in the subcontract in its third-party petition. When Able filed its motion for summary judgment, it did not address the breach of contract claim. Rather, it urged the court to grant summary judgment solely on the indemnification issue. McComas filed a resistance to Able's motion asserting Able breached its contract by failing to provide owners' or contractors' protective liability insurance as required by paragraph twelve. The court never addressed this issue, but it did grant Able's motion for summary judgment and dismissed the entire case.

Summary judgment is only appropriate when there is no genuine issue of material fact. *Kelly*, 620 N.W.2d at 641. There are factual issues in dispute regarding whether the parties fulfilled the terms of the subcontract. The motion did not state there were no material facts in dispute as to: 1) the meaning of the contract; 2) whether the provisions for obtaining insurance were satisfied; or 3) whether Able provided certification of insurance. Since facts relevant to this issue are in dispute, the motion for summary judgment should have been denied. We reverse and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**